# Sims *v.* The State.

## *Rape.*

(Decided May 17, 1906. 41 So. Rep. 413.)

1. *Criminal Law; Former Jeopardy; Insufficient Indictment.*— Where the plea setting up former jeopardy contained the indictment on which the jeopardy is alleged to rest, and which shows that said indictment was insufficient to support a conviction, demurrer was properly sustained to it, as jeopardy does not arise on an indictment insufficient to support a conviction.

[Sims v. The State.]

2. *Judges; Supernumerary Judge; Validity of Statute.*—The act creating the office of supernumerary judge is not unconsti-tutional.

3. *Indictment; Quashing; Grounds.*—The failure of the jury commission to take the special oath required by Sec. 4977, Code 1896, before drawing the grand jury, is no grounds for quashing the indictment, and if irregular, is cured by Sec. 5269, Code 1896.

4. *Jury; Quashing Venire; Grounds; Failure of Jury Commissioners to Take Oath.*—In the absense of any fraud in the drawing of the jury, the mere failure of the jury commission to take the special oath prescribed by Sec. 4977, Code 1896, furnishes no grounds for quashing the venire.

5. *Rape; Carnal Knowledge of Infant; Evidence.*—In a prosecution for carnally knowing or abusing a female under ten years of age, it is competent for the mother to testify that the child seemed excited and looked as if she had been crying.

6. *Criminal Law; Evidence; Relevancy.*—Where the evidence of the place of the alleged crime was not disputed, evidence that the mud on defendant's pantaloons was like the mud at that place, was relevant and admissible.

7. *Same; Attempt to Bribe Witness.*—Unless it is shown that defendant knew of, procured, or consented to his father's actions, evidence that defendant's father tried to get witness to offer another witness money to leave the vicinity is not admissible.

8. *Same; Evidence; Relevancy.*—Evidence that a short while before the alleged offense, defendant cursed and abused witness and struck her with a stick, is inadmissible and irrelevant, and prejudicial to defendant.

9. *Same; Trial; Punishment of Witness for Contempt.*—The court had the power, and properly exercised it, to punish for contempt a witness who appeared in the court room intoxicated, and appeared on the witness stand with a bottle of liquor in his pocket.

10. *Same; Trial; Instruction.*—It is not error to refuse requested instructions substantially covered by charges already given.

11. *Same.*—Charges which incorrectly state the evidence are properly refused.

12. *Same; Argumentative Charges.*—Charges calling attention to discrepancies in the evidence, and stating what is indirect and what direct evidence, are argumentative and properly refused.

13. *Witnesses; Redirect Examination.*—Where the defendant, on cross examination, developed the fact that soon after the commission of the alleged offense the state's witness left the state

[Sims v. The State.]

and remained away a month, it was proper to permit such witness, on redirect examination, to state why he went away..

14.  *Rape; Carnal Abuse of Infant.*—An instruction asserting that if defendant attempted to have intercourse with the girl under ten years of age, and there was an injury, however slight, to her organs, or abuse of them, though there was no penetration, defendant would be guilty, is proper.

APPEAL from Walker Circuit Court.

Heard before HON. A. H. ALSTON.

The defendant was indicted for carnal knowledge or abuse in attempting to carnally know a girl under 10 years of age. To the indictment, after certain preliminary motions had been made, and considered and overruled by the court, the substance of which sufficiently appear in the opinion, the defendant interposed the following plea: "Comes the defendant, and for plea to the indictment in this cause says that he has been put upon trial heretofore, on, to-wit, the 19th day of March, 1905, in the circuit court of Walker county, on a good and sufficient indictment, in words and figures as follows: "State of Alabama, Walker county: circuit court, spring term, 1905. The grand jury of said county charge that before the finding of this indictment Walter Sims did carnally know, or abuse in attempting to carnally know, Ida Fowler, a girl under the age of fourteen years, against the peace and dignity of the state of Alabama'—together with the endorsements thereon. And the foregoing indictment was for the same offense on which he is now being tried, and that on said trial on said indictment the defendant says that the jury had been imparncled and sworn, and that evidence had been introduced by the state, and the jury had been charged with his trial, and without his consent and without any pressing necessity said jury was discharged without rendering a verdict. Wherefore defendant says that he ought not to be put on trial and in jeapordy again for this same offense. Wherefore asks that he be discharged from said cause." Duly verified. The solicitor demurred to this plea: "(1) Because said plea shows that the indictment set out therein is for a different offense to that charged against the defendant in this cause. (2) Because the plea shows

that the indictment set out therein is void. (3) Because said plea fails to show that the defendant has been placed in jeapordy for the commission of the crime now charged against him in the indictment in this case." The court sustained the demurrer. The other facts necessary to an understanding of the opinion sufficiently appear therein.

The state requested the court to give the following written charges, which request the court granted: "(1) I charge you, gentlemen of the jury, that if you believe from all the evidence and beyond all reasonable doubt that the defendant attempted to have carnal knowledge with Ida Fowler, and at the time defendant attempted to have carnal knowledge with her, she was under the age of 10 years of age, and that there was an injury, though slight, to her sexual organs, caused by the defendant in his attempt to have carnal knowledge with Ida Fowler, then you should find the defendant guilty. (2) I charge you, gentlemen of the jury, that if you believe beyond a reasonable doubt, after considering all of the evidence in this case, that any part of the sexual organs of Ida Fowler were abused by the defendant in an attempt to have sexual intercourse with Ida Fowler, and that Ida Fowler at that time was under 10 years of age, then you should convict the defendant. (3.) I charge you, gentlemen of the jury, that it is not necessary that there should be an actual penetration of the sexual organs of Ida Fowler by the defendant in his attempt to have carnal knowledge of Ida Fowler; but if you believe beyond a reasonable doubt, after weighing and considering all the evidence in this case, that the defendant attempted to have carnal knowledge with Ida Fowler, and in such attempt he abused or injured the inner or outer part of Ida Fowler's sexual organs, then you should convict the defendant."

The defendant requested the court to give the following charges, which the court refused: "(13) The court charges the jury that in this case the evidence of the state shows that the only signs on the sexual organs of Ida Fowler were that her private parts looked a little red, and this evidence alone would not justify you in convict-

[Sims v. The State.]

ing the defendant. (14) The court charges the jury that the only evidence in this case of injury to the sexual organs of Ida Fowler is that her private parts looked a little red, and this is not sufficient to support a conviction under this indictment. "(22) I charge you, gentlemen of the jury, that the evidence on the part of the state that the private parts of Ida Fowler looked red like they had been pinched is not direct evidence that the sexual organs of Ida Fowler had been injured, and that the evidence of Ida Fowler herself that her sexual organs were not injured is direct evidence, and is entitled to more weight."

There was a conviction and sentence to the penitentiary for a period of 10 years.

LEITH & McCOLLUM, GRAY & COLEMAN and JAMES J. RAY, for appellant.—The motion to quash the venire should have been granted. The constitution and the code require that the jury commissioners shall take an oath of a specified character before entering upon their duties as such jury commissioners. This they did not do.—Code 1896, §§ 4976-77. The court erred in allowing Ida Fowler to testify as to whether her parents or either of them were at home when she arrived on the evening of the day on which the crime was committed. Mrs. Fowler's testimony was improper.—*Johnson v. The State*, 17 Ala. 623; *Gassenheimer v. The State*, 52 Ala. 378. The court erred in admitting the testimony of Dan Meadows as to what kind of mud there was at the place where the crime is said to have been committed. This applies equally to the testimony of Will Nations.— *Barnes v. The State*, 88 Ala. 205. The court erred in permitting Nations to say that the mud at the place where the crime was committed resembled the mud on defendant's knees.—*Johnson v. State, supra; Gassenheimer v. State, supra.* The court erred in admitting Mrs. Brassell's testimony as to defendant cursing and abusing her and striking at her with a stick of wood.— *Tarver v. The State*, 43 Ala. 354; *Fonville v. The State*, 91 Ala. 39; *Bennett v. State*, 52 Ala. 373. The court should have given charge 2 requested by the defendant.

8

—*Dawkins v. The State*, 58 Ala. 376; *Denson v. The State*, 72 Ala. 193; *McGuirk v. The State*, 84 Ala. 436; 5 Am. St. Rep. 381; *Jones v. The State*, 90 Ala. 629; *Castleberry v. The State*, 135 Ala. 28. For the same reason and on the same authorities charges 3, 22 and 23 should have been given. The conduct of the court in putting a fine upon the witness Davis for contempt of court was highly improper, and an exception was reserved to the court's action; that this action of the court was highly prejudicial to the defendant, see the following authorities: 17 Am. & Eng. Ency. of Law, 2 Ed. 721; *Long v. The State*, 95 Ind. 481; *Lockhart v. The State*, 92 Ind. 452; *People v. Lacoste*, 37 N. Y. 192; *Furham v. Mayor, etc.*, 54 Ala. 265; *Landthrift v. The State*, 140 Ala. 114; *Estes v. Bridgeport*, 114 Ala. 221; *Dabney v. Mitchell*, 66 Ala. 496; 124 Ala. on p. 50; *Sims v. State*, 43 Ala. 37; *Stephens v. State*, 47 Ala. 708; *Griffin v. State*, 90 Ala. 601; *Hair v. Little*, 28 Ala. 248.

MASSEY WILSON, Attorney General, for the State.—The court properly sustained the demurrer to the defendant's plea of former jeapordy. The first indictment was bad. No jeapordy results from trial on a void indictment.—*Oakly v. State*, 135 Ala. 15; *Handy v. State*, 121 Ala. 13; *Finley v. State*, 61 Ala. 201; *Gunter v. State*, 83 Ala. 96, 104.

The defendant was sentenced on May 18th, 1905. The bill of exceptions bears the date of June 2nd. There is no order or judgment of any kind in the record showing that the judge had the authority to sign the bill at that time. It is submitted that the bill cannot be considered.—*Keller v. State*, 40 So. 84; *Johnson v. State*, 40 So. 86.

The act creating the office of supernumerary judge is constitutional, and the judge had the right to hold the adjourned term.—*Whatley v. State*, 39 So. 1014.

The motion to quash the indictment was properly overruled. Only one ground, the fifth, was attempted to be proven. In any event if the commissioners acted as such without taking the oath they were de facto officers.—*Spraggins v. State*, 139 Ala. 93.

[Sims v. The State.]

The defendant's objection to being put on trial, the motion to quash the indictment and the motion to quash the venire were properly overruled for the same reason.

Mrs. Fowler's testimony was properly admitted. It tended to corroborate the testimony of the witness Ida Fowler.

The first witness may have been mistaken as to the time when the offense was committed, hence, there was no error in overruling the objection to the testimony of the witness Fowler.—*Dennis v. State,* 139 Ala. 109.

That the witness Fowler was excited was properly shown. The cases cited by opposing counsel have been overruled.—*Tagert v. State,* 39 So. 293; *Hainsworth v. State,* 136 Ala. 13.

The defendant having drawn out from the witness Fowler the fact that he left the state it was the right of the state to show that he left because of threats made against his life by the defendant's father.—*Lewis v. State,* 96 Ala. 6; *Williams v. State,* 123 Ala. 39.

It was proper to show the kind of mud near the scene of the crime as it appeared that the defendant had this mud on his clothing. The place of the commission of the crime was undisputed and the form of the question could have operated no injury to the defendant.—*Frazier v. State,* 116 Ala. 442.

If the witness so impressed the court that his manner was that of a drunken man it was entirely proper for this fact to be shown and considered by the jury in weighing his testimony. It appeared that the witness was in that condition and that he had a bottle of whiskey in his pocket, and the court was acting within its discretion in ordering the witness to jail.—*Coleman v. Roberts,* 113 Ala. 323; 7 A. & E. Ency. Law (2nd Ed.) 28 and 33.

The relevancy of the testimony of the witnesses, Mrs. Jinkins and Mrs. Brazil does not appear from anything in the bill, and no injury could have resulted to the defendant by its admission.—Code, § 4333.

It was proper to prove that the father of the defendant had offered the witness Morgan money to leave and had threatened his life.—*Brown v. State,* 38 So. 268.

If there was any doubt on the point of whether the

[Sims v. The State.]

witness Davis was drunk when he was testifying the court rightly called the witness Estes to prove the facts.

The charge of the court with reference to the witness Morgan was a correct statement of law.—*Crane v. State,* 111 Ala. 45; *Beall v. Farmer,* 122 Ala. 414.

Charges 2, 3, 13, 14 and 22 were properly refused.—*Toulet v. State,* 100 Ala. 72.

The affirmative charge was, of course, properly refused.

Charges 1, 2, and 3 given for the state were proper.—*Toulet v. State,* 100 Ala. 72.

DOWDELL, J.—The demurrer to the defendant's plea of former jeapordy was properly sustained. The indictment set out in this plea, on which it is alleged that the former jeapordy is predicated, shows on its face that it was insufficient to support a judgment of conviction. In *Oakley v. State,* 135 Ala. 15, 33 South. 23, it was said of a similar indictment that it was bad because it did not charge whether the person assaulted was over or under 10 years of age, and therefore failed to show whether defendant was charged under § 5447 of the code of 1896 as for a felony, or under § 5448 of the code of 1896 as for a misdemeanor. Jeapordy will not arise on an indictment insufficient in law to support a judgment of conviction.

The act creating the office of supernumeary judge was held in *Whatley v. State,* 144 Ala. 68, 39 South. 1014, not to be unconstitutional.

Therefore the objection of the defendant based on the supposed unconstitutionality of the act was without merit.

The motion to quash the indictment contained five grounds, but we need only refer to the fifth ground, as this was the only one attempted to be proven. In support of this ground, the defendant introduced in evidence a copy of the oath of office and the dueling oath taken and subscribed by one of the commissioners. This was all, except a statement that no other oath was on file in the office of the probate judge; the theory of the defendant being, and such is the insistence in argument, that the

[Sims v. The State.]

oath required by § 4977 of the code of 1896 was not taken by the commissioners. If it be conceded that there was an omission or failure on the part of the commissioners to take the prescribed oath, this would furnish no sufficient ground for quashing the indictment.— § 5269, Cr. code 1896. See *Spraggins v. State*, 139 Ala. 93, 35 South. 1000. The motion to quash the indictment was properly overruled.

A similar motion was made to quash the special venire; that is, that the jury commissioners failed to take the oath prescribed in § 4977. The same evidence was offered that was offered on the motion to quash the indictment. The regular jurors forming a part of the special venire were drawn by the jury commissioners, no fraud is charged in the drawing, and the commissioners are the officers designated by law, and whose duty is it, to draw the juries for the term of the court. We cannot see that a failure to take the prescribed oath should invalidate a subsequent act regularly done in the performance of a duty required by statute. The purpose of the oath prescribed is to impress and enjoin upon the commissioners the faithful performance of their duty in drawing juries, and it is not pretended that the commissioners did not faithfully perform their duty. There was no error in overruling the motion . See *Spraggins v. State, supra;* § 4977, Cr. code 1896.

There was no error in permitting Mrs. Fowler, the mother of the child alleged to have been assaulted, to testify as to the time of the alleged assault, although the date fixed by the witness was different from that fixed by the child, who had previously testified in the case. The jury might have found that the child was mistaken in the time she fixed. There was no pretense that there was but the one assault. Nor was there any error in permitting Mrs. Fowler to testify, against the objection of the defendant, that Ida Fowler, the girl alleged to have been assaulted, seemed excited and looked like she had been crying. On this point the cases of *Gassenheimer v. State,* 52 Ala. 317, and *Johnson v. State,* 17 Ala. 623, have been departed from in the later cases of *Hainsworth v. State,* 136 Ala. 13, 34 South. 203, and *Tagert v. State,* 143 Ala. 88, 39 South. 293.

The place of the alleged crime was undisputed, and it was competent to prove that mud on the trousers of the defendant corresponded with the mud at the place where the offense was said to have been committed. It was a circumstance, however slight, proper for the consideration of the jury as tending to show that the defendant had been at the alleged place; and to this end it was permissible for the witness to testify that the mud on the defendant's pants resembled the mud at the place of the alleged crime.

The court, against the objection of the defendant, permitted the witness F. W. Walker to testify that J. W. Sims, the father of the defendant, tried to get the witness to offer the state witness Morgan $50 to leave Cordova; the purpose being to get this witness away, so that he might not testify in the case. It was not shown that this was done by the procurement of the defendant, or with his knowledge or consent. In this ruling the trial court was in error.

We fail to see any relevancy in the testimony of the witness Mrs. Brazil as to the defendant's cursing and abusing her and striking her with a stick of wood. a short while before the time that it was said the offense charged in the indictment was committed. Such evidence, it could well be said, might have a tendency to create a prejudice in the minds of the jury against the defendant. There was no connection between the offense charged and the treatment by the defendant of the witness as testified to. The evidence should not have been admitted.—*Fonville v. State,* 91 Ala. 39, 8 South. 688.

The defendant, on the cross-examination of the state's witness Morgan, having called for statements by witness that the witness on the night after the alleged offense was committed ran away from Cordova and went to Louisiana, where he was gone a month and was brought back by the sheriff, it was permissible for the state to show on redirect examination of this witness why he went away.

It is the right and duty of the court in the administration of the law to maintain its dignity, and to this

[Sims v. The State.]

end exercise its powers to preserve an orderly procedure, and to punish for an offense against it. For a witness who has been summoned to testify in a case in court to voluntarily put himself under the influence of liquor, and to have in his pocket a bottle of whiskey when he goes on the witness stand to testify, is offensive both to the order and dignity of the court. The court's action toward the witness Davis was within its discretionary power, and there was nothing in it prejudicial to the rights of the defendant.

When an exception is taken to a part of the oral charge of the court, the portion so excepted to must be bad as a whole; else the exception is unavailing.

Written charges 2 and 3, refused to the defendant, find substantially duplicates in several of the many charges given by the court at the defendant's request, and for this reason, if no other, were properly refused.

Charges 13 and 14, refused to the defendant, incorrectly stated the evidence. There was evidence by Mrs. Fowler that the private parts of Ida were not only red, as if they had been pinched, but appeared to be bruised. The father of the child testified that her private parts looked like they had been "mashed." These charges were, therefore, properly refused.

Charge 22 was misleading and otherwise faulty, and was properly refused. Charge 23 was the general affirmative charge to find for the defendant. There was evidence tending to support the indictment, and the charge was properly refused.

There was no error in giving written charges 1, 2, and 3, requested by the state. These charges correctly state the law. For the errors pointed out, the judgment must be reversed, and the cause remanded.

Reversed and remanded.

WEAKLEY, C. J., and HARALSON and DENSON, JJ., concur.