(127 So. 793)

## ELLIS v. STATE.

### 4 Div. 533.

Court of Appeals of Alabama.

Jan. 14, 1930.

Rehearing Denied Feb. 11, 1930.

J. H. Wilkerson, of Troy, and W. M. Brunson, of Elba, for appellant.

Charlie C. McCall, Atty. Gen., for the State.

SAMFORD, J.

The defendant was indicted jointly with one Alfred Seymore on a charge of assault to rape Mittie Fanny Robinson. A severance being demanded, this defendant is alone on trial. On the trial the state examined as a witness the young woman alleged to have been assaulted, who testified fully, freely, and in detail as to every thing occurring during the alleged assault and as to that part occurring after she had escaped and made her way to the home of a Mr. Grace. Grace testified fully and in detail corroborating the testimony of the prosecutrix. Some days after the alleged offense Mrs. Seymore, mother of one of the defendants, Miss Langston, the county welfare worker, and Mr. Ellis, father of this defendant, went to see Miss Robinson with reference to the assault. At this point the solicitor asked: "Didn't they threaten you, or some of them tell you—some of that number I have just called out—that you ought to keep this matter out of court, and that if you didn't they would have your name in the Elba Clipper and the Montgomery Advertiser and you would lose your school?" This question was objected to on proper grounds, the objection overruled, and the defendant excepted. The witness answered yes, to which answer there was proper objection, motion, and exception.

Neither this defendant nor his codefendant Seymore was present at the time the foregoing incident took place, nor does it appear from the evidence that either the one or the other was in any way connected with or were responsible for the statements and so called threats made to Miss Robinson. This action of the court was error (Sims v. State, 146 Ala. 109, 41 So. 413), and would have entitled the defendant to a reversal, but for the fact that the defendant afterwards offered these same parties as witnesses to testify as to conversations and admissions made to them by the prosecutrix at the time above mentioned, tending to impeach the testimony of prosecutrix, thereby making the testimony material and relevant on the question of interest and bias of these same defendants' witnesses. Edgar Sims v. State, ante, p. 351, 126 So. 498.

Similar objection and exceptions were taken to testimony of the witness Grace, with reference to an effort made to induce Grace to withdraw warrants which he had procured against the defendant and his codefendant, on charges growing out of the same transactions connected with the present charge. At this conversation both this defendant and his codefendant were present and participating, and therefore any effort there made to suppress testimony, either by purchase or threats, was relevant to be weighed against the defendants. As to whether the actual talking was done by defendants or another is of no moment. If they were present and participating they would be bound.

We find no reversible error in the record, and the judgment is affirmed.

Affirmed.