The defendant was indicted and convicted for robbery in the second degree in violation of Section 13A-8-42, Code of Alabama 1975. Sentence was fifteen years' imprisonment. Six issues are argued on appeal.
 I
A prima facie case of robbery was made out by the testimony of Floyd Foots, an employee of B F Hardware Store in Grand Bay. On June 24, 1982, the defendant and another man entered the store. The defendant's companion asked for some gaskets and Mr. Foots took him to the back of the store. Mr. Foots then observed the defendant going through the cash box. Foots ran to the desk to ask the defendant what he was doing and the defendant, who already had the money, pushed Foots "back over in a corner." At this time, the defendant also had a .32 caliber automatic pistol which he had "grabbed" from under the counter. After the defendant pushed Foots, the defendant and the other man ran out the door and escaped in the same automobile.
Robbery, as defined in Alabama's new Criminal Code, is broader in scope than common law robbery. It "includes instances where violence is used or threatened in the course of committing a theft", which includes an attempted theft, or flight, as *Page 512 
well as a completed theft. Commentary Alabama Code Sections13A-8-40 through 44 (1975).
 "The second (new method of committing robbery), use or threat of force in escaping, broadens the scope of robbery. There should be no distinction between cases in which force is used to gain possession of another's property and cases in which possession is gained and then force is used to retain possession. . . . The expansion, of course, is limited to threats and assaults to effect an immediate escape. A successful theft followed by use of force to resist apprehension later would not constitute robbery."
Commentary, supra.
Mr. Foots' testimony shows that the defendant pushed or shoved him "back into a corner" to effect an immediate escape. This constituted robbery in the third degree. Alabama Code Section13A-8-43 (1975). The crime here constitutes robbery in the second degree because the defendant was "aided by another person actually present." Alabama Code Section 13A-8-42 (1975).
 II
The State presented a prima facie case of robbery in the second degree. The defendant admitted he was present in the store but denies any participation in any theft. There is simply no rational basis for a verdict of theft of property in the second degree. Alabama Code Section 13A-1-9 (b). See Harrisv. State, 398 So.2d 777 (Ala.Cr.App.), cert. denied,398 So.2d 780 (Ala. 1981). Under the evidence, the defendant was either guilty of robbery in the second degree or he was not guilty of any crime.
 III
After the jury had been selected and immediately before the opening statements of the attorneys, the record reflects that the defendant refused to be seated after being ordered to do so by the trial judge. In the jury's presence, the defendant stated that he did not want to go to trial. The judge then cautioned the defendant:
 "THE COURT: Now, let me explain the alternative to you. I can either have you bound and gagged if you want to cut up, or I can send you back to jail and try you without you being in the courtroom. I invite you to observe the rules. This case is going to trial; it's going to start for trial right now."
Defense counsel's motion for a mistrial because of these remarks was properly denied.
The trial judge's responsibility to ensure that a trial is fair requires that he maintain dignity, order and decorum within the courtroom.
 "It is essential to the proper administration of criminal justice that dignity, order, and decorum be the hallmarks of all court proceedings in our country. The flagrant disregard in the courtroom of elementary standards of proper conduct should not and cannot be tolerated. We believe trial judges confronted with disruptive, contumacious, stubbornly defiant defendants must be given sufficient discretion to meet the circumstances of each case. No one formula for maintaining the appropriate courtroom atmosphere will be best in all situations. We think there are at least three constitutionally permissible ways for a trial judge to handle an obstreperous defendant like Allen: (1) bind and gag him, thereby keeping him present; (2) cite him for contempt; (3) take him out of the courtroom until he promises to conduct himself properly." Illinois v. Allen, 397 U.S. 337, 343-44, 90 S.Ct. 1057, 1060-61, 25 L.Ed.2d 353 (1970).
See also Sims v. State, 146 Ala. 109, 41 So. 413 (1906).
Because of the defendant's conduct, the judge's remarks were justified. We find no error in this regard. Annot. 34 A.L.R.3d 1313 (1970).
 IV
The defendant contends that error was committed by "the trial court's failure to make available to the appellate court a statement by the co-defendant and refused jury charges." *Page 513 
 A
Immediately before trial, defense counsel filed a "motion to suppress accomplice testimony" which the trial judge denied.
After the attorneys had completed their opening statements to the jury, the following occurred:
 "MR. ORSO (Defense Counsel): I asked this Court to allow me to look at a statement by — made by a co-defendant, and you denied that motion, which is fine; but I would like to have that statement made a part of the transcript —
 "THE COURT: No, sir. I'm not going to do it. Deny the motion.
 "MR. ORSO: — made a part of the transcript on appeal. I think that is necessary for an appeals court to review your decision on —
"THE COURT: I denied it, Mr. Orso. Let's move on."
The identity of the defendant's accomplice is only reflected in the pre-sentence investigation report. The accomplice did not testify at the trial or the sentencing hearing.
The record contains no specific written request for defense counsel to be allowed to examine the accomplice's statement. In this regard, the only written request is contained in a "demand for discovery" filed October 22, 1982, requesting inspection of "(a)ny written or recorded statements and the statements of any oral statements made by a co-defendant if the trial is to be a joint one."
In brief, the defendant states that "(t)he trial court denied the defense motion to examine this statement but granted the defense motion requesting an in-camera review of this document to determine if it was material, which fell within the purview of Brady v. Maryland. Upon examining said statement the trial court ruled that it was not Brady material and that defense counsel could not review same." This statement is simply not supported by the record.
Furthermore, we note the record contains no showing of the existence of a written or recorded statement by the accomplice. For all the record shows, the trial judge could have denied the defendant's request for inspection due to the fact that there was no such statement.
Additionally, we note that the trial judge ordered the District Attorney to produce for inspection "(a)ny and all evidence tending to exculpate the guilt of the Defendant." That order also included the following requirement:
 "Any disagreements between the parties concerning the scope, identity or existence of discoverable matter are to be submitted to the Court for resolution upon written motion of either party a reasonable time before trial. Any party who does not so submit any unresolved discovery issue to the Court will be precluded from raising the same at trial." (emphasis added).
The defendant filed no written motion in this appeal.
In this case, the record is not sufficient to support a finding of error, especially in view of the defendant's motion to suppress the testimony of the accomplice.
 B
The defendant's written requested charges are not contained in the record. After the trial judge instructed the jury, defense counsel requested a charge on theft of property in the second degree. Counsel also took exception to the refusal of his requested charges.
 "MR. ORSO: Also, I would take exception to what I take as a denial of each and every one of the jury charges I have presented to you. I think they are better statements of law.
 "THE COURT: All right, let's do — let's discuss that now: As the State started its closing argument, you handed to me some 50-odd strips of torn paper, each a Zerox copy of some charge. You gave them to me not at a time — in proper time for me to consider these, Mr. Orso. They were obviously not prepared for this case, but you just gave me a whole bunch of charges here as the State started its charge. *Page 514 
"MR. ORSO: Would you consider 22, 23, and 24, then?
 "THE COURT: No, sir. I've already — I'm going to stand on it. I'm going to deny all the charges. I'm not going into it."
Although Section 12-16-12, Code of Alabama 1975, requires that refused written requested charges be set out in the record on appeal, the defendant has not filed any motion to correct the record.
The defendant's written requested charges were properly refused because they were not filed "at the close of the evidence or at such other time during the trial as the court reasonably directs." See A.R.Crim.P. Temp. 14 reported in Allenv. State, 414 So.2d 993, 995 (Ala. 1982). This rule became effective (July 16, 1982) before the defendant's trial (November 10, 1982).
 V
The record from the district court reflects that the following occurred on July 15, 1982:
 "Defendant and Attorney Fuller appeared in court. Attorney Fuller interviewed the defendant and reported to the court that the defendant was not indigent. The defendant waived the right to counsel and elected to represent himself today. Plea of Not Guilty and a request for preliminary hearing set for July 22nd. Subpoena witnesses — Defendant to hire an attorney for the preliminary if he wants one for the preliminary hearing."
The defendant testified that he was given a lawyer in the preliminary hearing but "he didn't come to court."
Although the defendant was represented by appointed counsel at trial, after the State rested its case, defense counsel requested a mistrial one of the grounds of which was, as stated by defense counsel:
 "MR. ORSO: . . . The defendant requested this Court to allow — On his own motion, he wanted a new attorney, and, in effect, that's a motion by me to withdraw, once he does that. Obviously, he has retained other counsel and wanted other counsel to represent him, and requested prior to this trial, a hearing —
 "THE COURT: I thought you just got through saying he was indigent.
 "MR. ORSO: He has told me — Prior to this trial, he asked the court to let him — his brother — hire an attorney."
In consideration of this state of the record, we find no evidence that the defendant was denied counsel at any time.
 VI
The automobile search was incident to the defendant's lawful arrest and constitutionally justified. New York v. Belton,453 U.S. 454, 101 S.Ct. 2860, 69 L.Ed.2d 768 (1981).
We have answered each issue raised on appeal. The judgment of the circuit court is affirmed.
AFFIRMED.
All Judges concur.