# CASES

IN. THE

# SUPREME COURT OF ALABAMA.

## SPECIAL TERM, 1898.

## Martin v. The State.

### Indictment for Murder.

1. *Former statements of witness not admissible to corroborate him, until impeached.*—Where the defendant, laying a predicate to impeach a state witness, asked whether witness had made a certain statement contradictory to what he testified on the stand, and the witness made a simple denial of such statement, not going into the supposed conversation, it was error to allow the state to prove by the witness in rebuttal what he had said in such conversation.

2. *Formed design, not the equivalent of deliberation, &c.*—It is error to instruct the jury that "formed design" includes all the elements of murder in the first degree.

3. *Insanity; burden of proof; statute constitutional.*—Our statute imposing upon the defendant the burden of proving a plea of insanity, does not invade any of his constitutional rights. Charges requiring an acquittal if the jury have a reasonable doubt as to whether the defendant was insane at the time the offense was committed, are properly refused. (COLEMAN, J., *dissenting.*)

4. *Sudden passion and malice may co-exist.*—Homicide may be committed in the heat of passion suddenly aroused by a blow, and yet be done maliciously; suddenly aroused passion and malice may co-exist, and both cause the act; when that is the case, the homicide, otherwise indefensible murder, is not reduced to manslaughter by reason of the passion.

5. *Manslaughter, correctly defined.*—Charges instructing the jury that "if the killing was the consequence of passion suddenly aroused by a blow given," or "if they have a reasonable doubt

[Martin v. The State.]

as to whether the killing was a result of passion suddenly aroused by a blow from the deceased," they cannot find the defendant guilty of murder, excluded the existence of malice, correctly defined manslaughter, and should have been given.

APPEAL from Gadsden City Court.
Tried before Hon. JOHN H. DISQUE.

The appellant was indicted and tried for the murder of William Alexander, was convicted of murder in the first degree, and sentenced to the penitentiary for life. The defendant pleaded "not guilty" and "not guilty by reason of insanity." The evidence for the State tended to show that the defendant and deceased had some difficulty about a monkey wrench; that the deceased was seen running with the monkey wrench in his hand, and the defendant pursuing him with an ax; that after running some seventy-five yards the deceased turned to the left and fell or dropped to his knees, when defendant cut him in the back with the ax, and struck a second blow on the head, when the deceased fell to the ground, and defendant struck four times after he was on the ground, from which deceased died where he fell; that the defendant was heard to say "here you lie, God damn you;" that deceased struck defendant on the head with the monkey wrench about the time of the first stroke with the ax, and deceased struck a second time as he fell to the ground. The evidence for defendant tended to show that after the killing defendant was found to have two wounds, one on the head, and one in the back, such as could be inflicted with a monkey wrench; that the wound in the back could have been inflicted only from the rear. There was evidence touching the issue of insanity. Defendant's physician testified that he was of a very weak mind, not a maniac, but demented; that he was capable of doing business, and in his opinion knew right from wrong. There was other evidence tending to show that he was subject to spells, at which times he was incapable of distinguishing between right and wrong, and that when his passions were aroused he seemed to lose his mind entirely. The State's evidence tended to show he knew right from wrong, and was employed to perform work and labor as other men, &c.

The court refused the following charges requested by defendant: (1.) "The court charges the jury that in

order to sustain the defense of insanity it is not necessary that the insanity of the accused be established by a preponderance of the evidence; but if from all the evidence the jury entertain a reasonable doubt as to the sanity of the accused, they should find him not guilty under his plea of insanity. (2.) The court charges the jury that while the law presumes every man to be sane and responsible for his acts until the contrary appears from the evidence, still if there is evidence in the case tending to rebut this presumption sufficient to raise a reasonable doubt upon the issue of sanity, then the jury should give the defendant the benefit of the doubt, and find him not guilty under his plea of insanity. (12.) The court charges the jury that unless they are satisfied beyond a reasonable doubt from all the evidence that the defendant was sane at the time of the commission of the alleged offense, they must find him not guilty under his plea of insanity. (14.) The court charges the jury that if they believe from all the evidence that the defendant was moved to action by reason of the blow and insane impulse by reason of his weak intellect which controlled his will, then the jury should find him not guilty under his plea of insanity. (20.) The court charges the jury that if the killing was the consequence of passion suddenly aroused by a blow given, they cannot convict the defendant of murder. (21.) The court charges the jury that if the killing was the result of a sudden blow which aroused the defendant to sudden action, or if they have a reasonable doubt as to whether the killing was a result of passion suddenly aroused by a blow from the deceased, they cannot find this defendant guilty of murder."

Motley & Short, for appellant.—Appellant insists that the conversation between defendant's father and witness Higgins was illegal, it not being a part of the res gestae, but being a statement by a third party not being in the presence of the accused. The part of the oral charge of the court, that all the essential ingredients of murder might be grouped under the very expressive phrase of "formed design," is contrary to the settled law of this State.—Hornsby's Case, 94 Ala. 55; Domingus' Case, 94 Ala. 9; Miller's Case, 107 Ala. 40; Burton's Case, 107 Ala. 108. To authorize a conviction

in a criminal prosecution, every element which is a necessary constituent of the offense charged, must be established beyond a reasonable doubt, and if, upon all the evidence, there is a reasonable doubt whether the defendant was capable in law of committing the crime, he is entitled to an acquittal of the specific crime charged. *Davis v. United States,* 160 U. S. 469; *Henson v. State,* 112 Ala. 41. Section 4938, Code of Alabama, which says: "Every person charged with crime is presumed to be responsible for his acts, and the burden of proving that he is irresponsible is cast upon the accused," is unconstitutional and void, in that it does not secure a conviction by due process of law, and the legislature undertakes to exercise judicial functions.—*Stoudenmire v. Brown,* 48 Ala. 699; *State v. Beswick,* 13 R. I. 211; s. c. 23 Albany Law Journal, 489.

WILLIAM C. FITTS, Attorney-General, for the State. There was no error in admitting the testimony of witness Higgins.—1 Greenl. on Ev. 467, 468. Complaint is leveled at the following, viz: The court, in his oral charge to the jury, in explaining the material and necessary elements of murder in the first degree, said: "They may all be grouped under the very expressive phrase of formed design." This sentence is an exact quotation of the language of Judge STONE in the opinion in *Mitchell v. State,* 60 Ala. 28, and the same has been approved in the following cases: *Long v. State,* 84 Ala. 1; *Hammil v. State,* 90 Ala. 577; *Martin v. State,* 77 Ala. 1; *Cribbs v. State,* 86 Ala. 613. The charges given at the request of the defendant in connection with the oral charge of the court make a liberal and fair exposition of all the law, both on issue of not guilty and also not guilty by reason of insanity, and the court was justified in refusing all the charges which are marked "Refused" in the record. *Allen v. State,* 111 Ala. 80; *Smith v. State,* 92 Ala. 30.

HEAD, J.—The testimony of State witness Higgins of the conversation had between him and the defendant's father was hearsay, and ought to have been rejected. The previous effort of the defendant to impeach the witness by asking him if he did not, at that time and place, make a particular statement contradictory of what he had testified on the stand, and the simple denial

of the witness that he had made such a statement, not going into the supposed conversation at all, did not authorize the State to prove the statements really made by the witness in the conversation. The time for the State to consider what further right it had to bring out what the witness had said in the conversation was not until the introduction by the defendant of other impeaching proof showing that he did make the contradictory statement inquired about. Having denied that he made such statement, he stood unimpeached, until by evidence introduced by the defendant, which the jury believed, it was shown that he did make it. The State could not support the character of its unimpeached witness in that way. The court erred in allowing the evidence.—1 Greenl. on Ev., §467.

The court, in its oral instructions to the jury, made this statement: "Murder in the first degree is any willful, deliberate, malicious and premeditated killing of a human being. Willful means governed by the will, without yielding to reason. Deliberate means formed with deliberation, in contradistinction to a sudden, rash act. Malicious means with fixed hate, or done with wicked intention or motives not the result of sudden passion. Premeditated means contrived beforehand or designed previously. To bring the crime within this degree of homicide all these qualities must co-exist, and they may all be grouped under the very expressive phrase 'formed design.'" The defendant excepted to the words, "and they may all be grouped under the very expressive phrase 'formed design.'"

It is settled by many decisions of this court that the instruction copied, omitting the part excepted to, correctly defines murder in the first degree, under our statute, and until some recent rulings overturning *Mitchell v. State,* 60 Ala. 28, and other cases which followed it, it was recognized that the term "formed design" was an embodiment of these several essential elements; and it was for a long time customary so to inform the jury in murder trials. But, the recent cases of *Hornsby,* 94 Ala. 55; *Domingus, Ib.* 9; *Miller,* 107 Ala. 40, and *Burton, Ib.* 108, modified that rule and held it to be error to tell the jury that "formed design" included all the elements of murder in the first degree, and such must now be regarded as the rule of this court. It is probable the

trial judge was inadvertent to these later decisions at the time the instruction was given. As the judgment must be reversed for another error, we will not decide whether the words excepted to were not so connected with the preceding correct definition of murder in the first degree as to come within the discretionary power of this court, conferred by the last clause of section 4333 of the Code of 1896.

The court ruled correctly in its several instructions on the burden and measure of proof resting upon, and required of, the defendant, on his plea of insanity.

The following authorities lay down the rule prevailing in this State: *Boswell v. State*, 63 Ala. 307; *Ford v. State*, 71 Ala. 385; *Parsons v. State*, 81 Ala. 577; *Gunter v. State*, 83 Ala. 96; *Maxwell v. State*, 89 Ala. 150; *Fonville v. State*, 91 Ala. 39; *Walker v. State*, Ib. 76. It is thus too firmly fixed to be now opened up as questionable. Our statute on the subject is in accord with the principle, and can not be said to invade any constitutional right of the defendant in imposing upon him the burden of proving the plea of insanity, if, indeed, such would have been its effect had our rule of decision been otherwise.

Homicide may be committed in the heat of passion suddenly aroused by a blow, and yet be done maliciously. Suddenly aroused passion and malice may coexist, and both cause the act. When this is the case the homicide, otherwise indefensible murder, is not reduced to manslaughter by reason of the passion.—*Ex parte Brown*, 65 Ala. 446; *Jackson v. State*, 74 Ala. 26; *Prior v. State*, 77 Ala. 56; *Hawes v. State*, 88 Ala. 37; *Reese v. State*, 90 Ala. 624; *Hornsby v. State*, 94 Ala. 45. But the charges touching the law of manslaughter which the court refused to the defendant, we think, excluded the existence of malice, correctly defined manslaughter, and ought to have been given.

For the errors pointed out the judgment is reversed, and the cause remanded. The defendant will remain in custody until discharged by due course of law.

Reversed and remanded.

COLEMAN, J., *dissenting.*—The doctrine of *stare decisis* should never be applied in criminal prosecutions, if it is clear that under the former rule, persons

may be wrongfully convicted. This court has departed from its former ruling with regard to the defense of an *alibi*, also as to the *prima facie* presumption of guilt arising from the possession of articles recently stolen, and under certain circumstances the burden that rested upon a defendant, accused of unlawful homicide, to establish self-defense. The rule in this State, and so far as the writer is advised, in every State of the Union, is, that to authorize a conviction the evidence must be such as to establish beyond a reasonable doubt every element which is a necessary constituent of the offense; and the further rule prevails that the defendant is entitled to an acquittal, if the jury, after considering all the evidence, have a reasonable doubt of the guilt of the accused, arising out of any part of the evidence. No person can commit an offense who is not legally capable of committing a crime. The act, whatever its results, cannot amount to an offense, unless the person who commits the act is legally capable of committing an offense. How, then, can it be said that the jury may legally convict if, after considering all the evidence, they have a reasonable doubt, arising out of any part of the evidence, that the accused was legally capable of committing crime? The court, in its opinion, does not attempt to show that the rule declared is sound. It contents itself with the rule of "*stare decisis.*" If there should be any discrimination, it should be in favor of the insane; but the rule places on the insane the burden of satisfying the jury, by a preponderance of the evidence, that he was not legally capable of committing crime. As to all other classes of people, the only burden is to create a reasonable doubt of guilt. The writer's views are expressed in the case of *Henson v. State,* 112 Ala. 41. The argument of the court in the case of *Davis v. United States,* 160 U. S. 469, states the only just rule, and in the opinion of the writer is unanswerable.