# Roden *v.* The State.

## *Indictment for Drunkenness.*

1. *Indictment for public drunkenness; charge of court to jury.*—On a trial under an indictment which charges the defendant with being drunk in a public place and manifesting his drunken condition by boisterous conduct and loud or profane discourse, in violation of the statute, (Code, § 4656), a charge which instructs the jury that "Intoxication in the meaning of this statute means being under the influence of alcoholic drinks to such an extent that his mental or physical faculties are interfered with or disturbed thereby; and if neither was so disturbed or interfered with by the liquor which defendant had drunk, you should find him not guilty," asserts a correct proposition and should be given at the request of the defendant.

APPEAL from the Circuit Court of Marshall.

Tried before the Hon. A. H. ALSTON.

The appellant in this case, John Roden, was indicted, tried and convicted for drunkenness in a public place, in violation of the statute, Code, § 4656.

The evidence for the State tended to show that the de-

fendant appeared in a public place in a drunken condition and manifested the same by boisterous conduct and loud and profane discourse.

The testimony for the defendant tended to show that the defendant was not drunk at the time specified and while he was guilty of boisterous conduct, such conduct was due to anger incident to a quarrel in which he was engaged.

The defendant requested the court to give to the jury the charge which is copied in the opinion, and separately excepted to the court's refusal to give said charge.

STREET & ISBELL, for appellant.—The first charge requested by the defendant asserted a correct proposition and should have been given.—*State v. Savage,* 89 Ala. 8; *State v. Robinson,* 111 Ala. 482; 10 Am. & Eng .Ency. Law (2d ed.), 276.

MASSEY WILSON, Attorney-General, for the State. Charge No. 1 was properly refused. The language of the statute is: "Any person who while intoxicated or drunk," etc., is guilty of the conduct therein set out, must be convicted. It does not require that the intoxication should be to such an extent that the person's mental or physical faculties are interfered with.—Code, § 4656.

McCLELLAN, C. J.—The first charge requested by the defendant.—"Intoxication in the meaning of this statute means being under the influence of alcoholic drinks to such an extent that his mental or physical faculties are interfered with or disturbed thereby, and if neither was so disturbed or interfered with by the liquor which defendant had drunk, you should find him not guilty"—should have been given. A person cannot be said to be intoxicated or drunk when his potations do not affect—disturb or interfere with—his mental or physical faculties.—*Standard Life & Accident Ins. Co. v. Jones,* 94 Ala. 434, 441-2; *Wadsworth v. Dunnum,* 98 Ala. 610, 613-14; Black Intox. Liquors, § 423; *State v. Savage,* 89 Ala. 1, 8; *State v. Robinson,* 111 Ala. 482, 485.

[Reed v. The State.]

We find no error in the other rulings of the court to which exceptions were reserved.

Reversed and remanded.