# Patton v. The State.

### Murder.

(Decided June 1, 1916. Rehearing denied June 30, 1916.
72 South. 401.)

1. **Evidence; Statement of Facts.**—Evidence that deceased "was killed in another county" was admissible as a statement of fact.

2. **Trial; Reception of Evidence; Objection.**—Timely objection to evidence is not taken unless the objection is interposed to the question before it is answered.

3. **Witnesses; Impeachment.**—It is not competent on cross examination to ask a state's witness whether he had also been accused of the crime for which defendant was on trial.

4. **Evidence; Motive.**—The uncommunicated intention or motive of a witness is inadmissible as a general rule on direct examination.

5. **Same; Cross Examination.**—A witness may be cross examined as to the motives and reasons actuating his movements as described on direct examination.

6. **Same.**—It is not error to exclude cross examination as to a witness's reasons or motive in doing certain things not mentioned on his direct examination.

[Patton v. The State.]

7. **Trial; Reception of Evidence; Objection; Sufficiency.**—Where the testimony was not obviously immaterial, a general objection thereto may be overruled without error.

8. **Homicide; Evidence.**—The fact of deceased's separation from his wife, and defendant's frequent association with her is admissible as bearing upon the relation existing between the parties, and as furnishing a motive for the crime.

9. **Same.**—The fact that accused was seen near the scene of the murder on the night of the crime was amissible.

10. **Same.**—Testimony that defendant appeared excited some twenty or thirty minutes after the murder is admissible.

11. **Witnesses; Cross Examination.**—It was competent to ask a witness for defendant on cross examination whether or not he knew that his father-in-law had been arrested and charged with the murder in question.

12. **Same; Bias.**—The friendship of a witness for defendant may be developed on cross examination.

13. **Evidence; Character.**—Defendant may not prove his good character by testimony showing that he had never been previously arrested.

14. **Evidence; Confessions; Predicate.**—Where the language of the confession, and the surrounding circumstances show that it was not influenced by fear or hope, no express predicate need be laid for its admission.

15. **Witnesses; Bias.**—Where a witness had exhibited his friendship for defendant, it is competent for defendant to show that he had been equally friendly with deceased, and the refusal to permit same was reversible error.

APPEAL from Blount Circuit Court.

Heard before Hon. J. E. BLACKWOOD.

Felix Patton was convicted of murder and he appeals. Reversed and remanded.

O. A. STEELE, for appellant. W. L. MARTIN, Attorney General, and P. W. TURNER, Assistant Attorney General, for the State.

THOMAS, J.—The defendant was convicted of murder in the first degree, and sentenced to the penitentiary for life.

(1, 2) There was no error in permitting the witness, May, to state that the deceased was dead and "was killed in Blount county.' This was but the statement of a fact, and was not the expression of an opinion. Then, too, no timely objection was made to the question to, and answer of, the witness.—*S. W. Ala. Ry. Co. v. Maddox & Son,* 146 Ala. 539, 41 South. 9; *Sloss-Sheffield S. & I. Co. v. O'Neal,* 169 Ala. 83, 52 South. 953; *W. U. T. Co. v. Bowman,* 141 Ala. 175, 37 South. 493; *Dowling v. State,* 151 Ala. 131, 44 South. 403.

(3) It has been held that it is incompetent to show that another than the defendant was suspected of the commission of the offense.—*Brown v. State*, 120 Ala. 342, 25 South. 182; *Walker v. State*, 139 Ala. 56, 35 South. 1011; *Toliver v. State*, 142 Ala. 3, 38 South. 801.

The question objected to was whether witness had "been accused of this killing."

Great latitude is allowed, on cross-examination, to elicit circumstances having a tendency to show bias or interest on the part of the witness such as might influence his testimony.—3 Ency. Ev. 849, et seq.; *Whitsett v. Belue*, 172 Ala. 256, 54 South. 677. Illustrating: In an action against a railroad company to recover damages the plaintiffs were permitted, in their cross-examination, to show that the witnesses were furnished free transportation for attending the trial, or were given a general privilege of riding on the defendant's road (*A. G. S. R. R. Co. v. Johnston*, 128 Ala., 283, 29 South. 171; 1 Greenl. Ev. [16th Ed.] 450); in another case, it was permitted to be shown that the witness, a short time before, was arrested on the complaint of the defendant (*Yarbrough v. State*, 105 Ala. 43, 16 South. 758); in another, that the witness was interested in the rejection of the ore mined and delivered to the company by which witness was employed (*Worthington & Co. v. Gwin*, 119 Ala. 44, 57, 24 South. 739, 43 L. R. A. 382); and in another, that witness was sued by plaintiff in another action for a portion of the property in question (*Drum & Ezekiel v. Harrison*, 83 Ala. 384, 3 South. 715). Likewise, and for like purpose, a witness was allowed to be questioned whether he had been indicted with the defendant for the same offense (*Mitchell v. State*, 94 Ala. 68, 10 South. 518; *Breckinridge v. Com.*, 97 Ky. 267, 30 S. W. 634); and another to be asked whether the deceased was the witness' lover (*People v. Worthington*, 105 Cal. 166, 38 Pac. 689).

In *State v. Pancoast*, 5 N. D. 514, 67 N. W. 1052, 35 L. R. A. 518, it was held proper to ask the defendant whether or not he had been "accused" of the same crime. While it has been held proper to ask a witness whether or not he committed the act, or whether he has been convicted and imprisoned therefor, yet the question should be so framed as to perimt the witness to admit or to deny the act itself.—3 Ency. of Ev. 870 (B).

There was no error in refusing to allow the defendant to ask the witness, "You have been accused of this killing yourself?"

The accusation may have been made against the witness, and yet no such crime have been committed by him; or, if made, it did not necessarily affect his credibility.—*Wilson v. State,* 73 Ala. 527.

(4, 5) A defendant, after testifying, may be asked on cross-examination as to his motives or reasons for his particular acts shown in his direct examination.

The general rule is that on the examination in chief the uncommunicated motives of a witness are inadmissible in evidence.—*Smith v. State,* 145 Ala. 17, 22, 40 South. 957; *Barnewell v. Stephens,* 142 Ala. 6^9, 38 South. 662; *Dent v. State,* 105 Ala. 14, 17, 17 South. 94; *E. T. V. & G. R. R. Co. v. Davis,* 91 Ala. 621, 8 South. 349; *Ball v. Farley, Spear & Co.,* 81 Ala. 288; *Stewart v. State,* 78 Ala. 436; 1 Mayf. Dig. p. 891, § 293.

On cross-examination, however, the defendant has the right "to sift the testimony of the witness," in reference to his movements, to the end that the jury may be informed of his reasons for the movements "the witness had described on his direct examination."—*Yarbrough v. State,* 115 Ala. 92, 96, 22 South. 534. Likewise the witness may be asked as to his motives for the particular acts testified to.—*Patterson v. State,* 156 Ala. 62, 66, 47 South. 52; *Linnehan v. State,* 120 Ala. 293, 298, 298, 25 South. 6; *Hurst v. State,* 133 Ala. 96, 31 South. 933; 1 Greenl. on Ev. § 446.

(6) In this case neither the question propounded to the witness, nor the bill of exceptions, discloses that the directions assumed to have been taken by the witness on the night of the homicide were actually so taken on that night, or that the witness had on his direct examination testified that such "paths" and "directions" were traversed or pursued by him. Without proper predicate laid in the examination in chief, such uncommunicated motives or "reason" were inadmissible.

(7) The many general objections to questions propounded to witness May, Smith, Crump, Faucett, Nash, Tally, and Bradley were properly overruled; the evidence called for was not patently irrelevant.—*Moore v. State,* 154 Ala. 48, 45 South. 656; *Gunter v. State,* 111 Ala. 23, 20 South. 632, 56 Am. St. Rep. 17.

(8) The fact that deceased and his wife had separated, and the further fact that defendant was often seen with her, tended to shed some light on the relation that existed between deceased and defendant, and on the question of motive.

(9, 10) That witness saw and recognized the defendant, after his arrest, as the same person he saw on the night of the crime and in close proximity to the scene was competent evidence.— *Yarbrough v. State, supra; Beavers v. State,* 103 Ala. 36, 15 South. 616. That the defendant "appeared to be excited or nervous" 20 or 30 minutes after the homicide was also an evidential fact that the state might give to the jury.—*Sims v. State,* 146 Ala. 109, 41 South. 413; *Hainsworth v. State,* 136 Ala. 13, 34, 34 South. 203; *Tagert v. State,* 143 Ala. 88, 39 South. 293, 111 Am. St. Rep. 17.

(11) The son-in-law of Shine Jones had testified for the defendant. It was competent for the solicitor to ask the witness if he did not know "that Shine Jones had been arrested and put in jail and charged with this murder.—*Mitchell v. State, supra.*

(12) The "good friendship" of witness for the defendant was on cross-examination sought to be shown the jury. In permitting this no error was committed.

(13) A defendant may not seek to prove his good character by his own testimony, to the effect that he had never been arrested nor prosecuted for any violation of law, before his arrest on the charge on which he is being tried.—*Cheek v. State,* 3 Ala. App. 646, 57 South. 108; Underhill on Crim. Ev. § 245.

(14) Defendant objected to the question to Lee Bradley, in regard to witness' conversation with the sheriff in defendant's presence, while the latter was in jail, on the ground that no predicate was laid to show a confession by the defendant. It clearly appears from the circumstances attendant at the time of the statement in question, as well as from the statement itself, that the statement was not made under the influence of fear or of hope.—*Love v. State,* 124 Ala. 82, 27 South. 217; *Stone v. State,* 105 Ala. 60, 17 South. 114; *Hornsby v. State,* 94 Ala. 55, 64, 10 South. 522.

(15) The witness Tally having exhibited his friendship for defendant, it was competent to inquire of his feeling for the deceased; and for the exclusion of witness' answer that deceased was about as good a friend as the defendant was, the judgment is reversed and the cause is remanded.

Reversed and remanded.

ANDERSON, C. J., and MAYFIELD and SOMERVILLE, JJ., concur.