(118 So. 654)

**ROBERSON v. STATE.** (8 Div. 30.)

Supreme Court of Alabama. June 30, 1928.

A. H. Carmichael, of Tuscumbia, and James C. Roberts, of Florence, for appellant.

Charlie C. McCall, Atty. Gen., and Thos. E. Knight, Jr., Asst. Atty. Gen., for the State.

THOMAS, J. The indictment was for murder, and the conviction and sentence were for a term of 25 years.

The rules governing the giving or refusal of affirmative instruction need not be repeated. McMillan v. Aiken, 205 Ala. 35, 40, 88 So. 135.

■ There was no motion for a new trial, and there was evidence and tendencies thereof, warranting the submission of controverted fact of guilt to the jury. There was no error in refusing the general affirmative instruction requested by the defendant. Roberson v. State, 217 Ala. 696, 117 So. 412.

■ Under the evidence tending to show the animus or preparation of the two brothers before the homicide, their joint presence when the fatal shot was fired, the action of defendant at that time as given by the respective witnesses, respectively, as entering into a conspiracy with Walter to kill Miller, or that of a peacemaker, it was proper for the state to prove that immediately after the shooting the defendant was mad, making threats, and had in his hand a pistol. It tended to show his quo animo, motive, or intention when the defendant took hold of Miller, as the latter was shot by Walter Roberson, brother of the defendant.

■ For like reason the exclamations of defendant immediately after the shooting were competent. The defendant said: "Yes; I got shot too, though it wouldn't have made any difference if he had blowed my head off, just so we got Miller." All of this evidence was in the nature of admissions against interest. The weight of such testimony was for the jury. Whether this conduct was from the result or consciousness of intention or guilt in causing or participating in the homicide, or whether it was from a natural impulse, inspired by such an event, was for inquiry and answer from all

the evidence, and that conclusion was to be drawn by the jury. Morris v. State, 146 Ala. 66, 90, 41 So. 274; Plant v. State, 140 Ala. 52, 37 So. 159; Hammond v. State, 147 Ala. 79, 41 So. 761; Fancher v. State (Ala. Sup.) 117 So. 423.[1] That is to say, the state was properly allowed to show that defendant "was mad," or "appeared mad," immediately after the murder and when he made hostile declarations or threats against the deceased, who had received his fatal shot while the defendant was accosting or taking hold of him. Fincher v. State, 211 Ala. 388, 390, 100 So. 657; Hall v. State, 216 Ala. 336, 113 So. 64; Patton v. State, 197 Ala. 180, 72 So. 401; Gallant v. State, 167 Ala. 60, 66, 52 So. 739. All of these statements are in the nature of voluntary admissions, for the facts detailed and circumstances attending the same show such conduct and declarations were voluntary and there is no objection or insistence that the same were not voluntary. Sharp v. State, 193 Ala. 22, 26, 69 So. 122; Bush v. State, 136 Ala. 89, 33 So. 878.

■■ There was no error in proving the declaration of deceased, that he was going to a singing. The evidence is without contradiction that defendant, the brother, and the deceased were at the singing, and there the fatal encounter ensued. However, the state's evidence tended to show that deceased was not armed prior to the killing. This was admissible as tending to illustrate his act and conduct immediately before and at the time of the fatal encounter. Roberson v. State, 217 Ala. 696, 117 So. 412.

■■ The statement of the brother, or coconspirator, in the nature of a threat (the evidence being open to such reasonable inference), made immediately preceding the killing, gave character to the homicide as that of design, intent, and malice, and was for the jury. Lockett v. State (Ala. Sup.) 117 So. 457;[2] Roberson v. State (Ala. Sup.) 117 So. 412;[3] Kennedy v. State, 182 Ala. 10, 62 So. 49; Fancher v. State, supra; Hanners v. State, 147 Ala. 27, 41 So. 973. The evidence of joint participation in the common purpose, and their presence when the shot was fired, was evidence of conspiracy between the brothers, rendering admissible the declaration in the nature of a threat made by Walter a very short while, as he was looking at or for deceased, before the shooting. If the jury were convinced both were participants, and it matters not who fired the fatal shot, there was evidence on which to rest the verdict. The whole matter was for the solution of the jury. Lockett v. State, ante, p. 40, 117 So. 457.

■ We have indicated that a jury question was presented, and charge 20 was properly refused. And charge E predicates

[1] 217 Ala 700.
[2] Ante, p. 40.
[3] 217 Ala. 696.

a verdict of not guilty upon the failure to sufficiently show that defendant "aided and abetted in the killing of Miller," whereas he might be guilty if he entered into a conspiracy with Walter to kill Miller, and he participated therein to the shooting, and the same was executed by reason of such conspiracy, although he may not have taken any other part when the shot was fired, than being present and taking hold of deceased. State ex rel. Attorney General v. Tally, 102 Ala. 63, 65, 15 So. 722; National Park Bank v. L. & N. R. Co., 199 Ala. 192, 74 So. 69.

The record has been carefully reviewed, and all the questions apparent on the record have been considered, Howerton v. State, 191 Ala. 13, 67 So. 979, and we find no reversible error, and the judgment is affirmed.

Affirmed.

ANDERSON, C. J., and SOMERVILLE and BROWN, JJ., concur.

