20 So.2d 512

### ELLIS v. STATE.
### 5 Div. 394.

Supreme Court of Alabama.

Jan. 18, 1945.

J. Sanford Mullins, of Alexander City, for appellant.

Wm. N. McQueen, Acting Atty. Gen., and John O. Harris, Asst. Atty. Gen., for the State.

LIVINGSTON, Justice.

Appellant was indicted for murder in the first degree for killing Gent Wright by stabbing him with a knife. He was convicted of murder in the second degree, and his punishment fixed at imprisonment in the penitentiary for a term of fifty years.

Shortly before midnight on the 13th of November, 1943, appellant stabbed Gent Wright with a knife, and as a result of which Wright died some hours later. The killing occurred at what is known locally in the city of Alexander City, in Tallapoosa County, as the "Cotton Club."

Appellant's evidence tended to show that on the night of the homicide, and before the killing occurred, he and two companions consumed three pints of whiskey, and that appellant was drunk at the time he killed deceased.

The insistence for a reversal of the judgment of conviction is grounded upon the refusal of the trial court to give three written charges requested by appellant, and

the trial court's action in overruling appellant's motion for a new trial.

The requested written charges are as follows:

"(9) If the jury believe that the defendant, at the time he is said to have stabbed Gent Wright, was so drunk that he was incapable of forming the purpose to do a voluntary act, then he cannot be convicted of any offense higher than manslaughter in the second degree.

"(10) If the jury find that the defendant was too drunk to perform a voluntary act, then he cannot be convicted of anything more than manslaughter in the second degree.

"(11) If the defendant was so drunk that he was incapable of volition, incapable of voluntarily doing anything, and incapable of entertaining malice, then the defendant cannot be convicted of anything more than manslaughter in the second degree."

Charges identical (except the designation of the instrumentality used) with appellant's refused charges 9, 10 and 11 were approved in the case of Heninburg v. State, 151 Ala. 25, 43 So. 959, and the case reversed and remanded for the trial court's refusal to give them.

But the Heninburg case, supra, was expressly overruled on this point in the later case of Cagle v. State, 211 Ala. 346, 100 So. 318, 320. In the Cagle case the Court said:

"Refused charges 11, 12, 13, and 18 forbid a conviction of more than manslaughter in the second degree on a finding that defendant 'was so drunk that he was incapable of forming the purpose to do a voluntary act'; or that he 'was too drunk to perform a voluntary act'; or that he 'was so drunk that he was incapable of volition, incapable of voluntarily doing anything, and incapable of entertaining malice.' This is not the law. Drunkenness may reduce the degree of the homicide from murder to manslaughter, but it is no defense as to either degree of manslaughter. Laws v. State, 144 Ala. 118(6), 42 So. 40; Bell v. State, 140 Ala. 57, (charge 7, page 61), 37 So. 281. These charges were properly refused. * * *

"In their original brief counsel for appellant call attention to the case of Heninburg v. State, 151 Ala. 26, 43 So. 959, as supporting the principle embodied in refused charges 11, 12, 13, and 18, but we inadvertently overlooked its consideration in the opinion.

"That case is opposed to our other cases, and to the uniform current of judicial opinion elsewhere, and is now expressly overruled, as to its holding that drunkenness may reduce the grade of a homicide from murder to manslaughter in the second degree. The case of Hill v. State, 9 Ala. App. 7, 64 So. 163, which cited and followed Heninburg v. State, supra, must also be disapproved."

 Appellant's only insistence in his motion for a new trial, other than that the trial court erred in refusing the above treated charges, is that "said verdict and judgment are contrary to the evidence" and "contrary to the great weight of the evidence."

We have carefully examined the evidence, and are clear to the conclusion that the trial court committed no error in overruling appellant's motion for a new trial.

Finding no error, the case is due to be, and is, affirmed.

Affirmed.

GARDNER, C. J., and BROWN and SIMPSON, JJ., concur.