26 So.2d 573

### PARVIN v. STATE.
#### 6 Div. 430.

Supreme Court of Alabama.
June 13, 1946.

Wm. Conway, of Birmingham, for appellant.

SIMPSON, Justice.

The defendant was convicted of wife murder. His plea was not guilty and not guilty by reason of insanity.

He had been drinking and a few minutes after his arrival home that evening he shot and killed his young wife with a shotgun. He contended the shooting was accidental. The State was permitted to ·prove by the witness, Gardner, that on their way home the defendant had said that he was "a woman hater," that he had "slapped hell out of one woman that day" and that they "had no business with those young wives." This testimony was relevant as bearing on motive and intent. Daniels v. State, 243 Ala. 675, 11 So.2d 756; Spicer v. State, 188 Ala. 9, 65 So. 972; Johnson v. State, 17 Ala. 618, 624; Campbell v. State, 23 Ala. 44, 45; Liles v. State, 30 Ala. 24, 68 Am.Dec. 108.

Evidence which is material to some issue in the cause and tends to elucidate it is admissible. Snead v. State, 243 Ala. 23, 8 So.2d 269, and cases cited; Spicer v. State, supra; McAdory v. State, 62 Ala. 154, 159.

The principle comprehends the right of the State to adduce evidence to controvert a material aspect of the defendant's evidence when relevant to the issue, even though such evidence tends to show other acts and crimes of the defendant. Snead v. State, supra; Wilkins v. State, 29 Ala.App. 349, 197 So. 75; Lee v. State, 31 Ala.App. 91, 13 So.2d 583(19).

Motive and intent were material issues in the case and in fact the only aspect of the case which presented a substantial conflict in the evidence. The statements of the accused, aforesaid, therefore, shortly before the commission of the alleged crime were relevant to this issue and shed light on the inquiry and tended to negative the defendant's claim and sustained the theory of the State that the shooting was intentional.

· The following cases also discuss the principle: Daniels v. State, supra; Spicer v. State, supra; Robinson v. State, 243 Ala. 684, 11 So.2d 732; Johnson v. State, 242 Ala. 278, 5 So.2d 632; Jackson v. State, 229 Ala. 48, 155 So. 581.

Some question was raised as to the admissibility of the testimony that while the defendant was in jail and soon after the fatal affray, the witness transacted business with him and bought his interest in the crop. This evidence, of course, was admissible under the defendant's plea of insanity and tended to shed light on his mental condition.

On the issue of insanity, proof of the acts, conduct and declarations of the accused is not confined to those at the time of the crime, but includes previous and subsequent ones, as well, which have a tendency to shed light on his state of mind when the act was committed. Ala-

bama & Southern Digest, Criminal Law, Insanity, ☜354.

■ Charge O–1 was abstract, the evidence furnishing no hypothesis for such an instruction.

■ Charge N–2 was fully covered in the court's oral charge and no prejudicial error resulted from its refusal.

There was no error in the refusal of the other written charges.

We find no reversible error and the judgment is affirmed.

Affirmed.

GARDNER, C. J., and BROWN and LIVINGSTON, JJ., concur.