45 So.2d 35

### COATS v. STATE.
8 Div. 465.

Supreme Court of Alabama.
March 2, 1950.

292

A. A. Carmichael, Atty. Gen., and Neil Metcalf, Asst. Atty. Gen., for the State.

LAWSON, Justice.

The appellant, Floyd Coats, was convicted of murder in the first degree and his punishment fixed at life imprisonment.

Elton Hill, a young man twenty-four years of age, died in a hospital in Florence, Alabama, at about 4:30 p. m. Sunday afternoon, April 25, 1948. Hill was killed by the discharge of a load from a shotgun, which entered his lower abdomen and ranged downward at "an obviously acute angle." The load stopped at the pelvis, a distance of approximately six or eight inches below the point of entry. The wound was about three inches in diameter and there was evidence of powder burns around the edges. Hill received the fatal injury at the home of appellant sometime between one and two p. m. on the afternoon of April 25, 1948.

The appellant, defendant below, admitted that the shotgun which produced the fatal injury was in his hands at the time it was discharged. It is his contention that the gun was discharged accidentally while he was engaged in oiling it.

There were a number of persons present in the home of appellant at the time of the shooting, but no one testified in this case who was present at that time except the appellant. Among those who were present were the defendant's wife, her sister, and her niece.

W. A. Barnett, of Florence, for appellant.

It is appellant's earnest insistence that since the State produced no witnesses to contradict his testimony to the effect that the gun was discharged accidentally, the trial court erred in refusing his request for the affirmative charge with hypothesis as to the several degrees of homicide covered by the indictment and in denying his motion for new trial on the ground that the verdict was contrary to the weight of the evidence. We cannot agree.

■ Under the evidence in this case it was for the jury to determine whether or not the gun which killed the deceased was discharged accidentally. The only evidence tending to show an accidental discharge was that of appellant. A number of witnesses called by the State testified that the general reputation of appellant was bad and that they would not give full faith and credit to his testimony in a court of justice. Moreover, the physical facts strongly refute the appellant's testimony that the gun was discharged accidentally. We are unable to see how the load from the shotgun could have entered the body of deceased and ranged downward at an acute angle if the gun had been discharged in the manner as testified to by the appellant. We think this is clear from the record as presented here, but unquestionably the jury was in a much better position to evaluate this line of testimony than this court, in view of the fact that the relative positions of the appellant and the deceased were demonstrated to the jury on a diagram, which is not before us.

As before indicated, it was for the jury to determine whether or not the gun was discharged accidentally, as contended for by the appellant. Of course, if the gun was not fired accidentally it was fired intentionally.

■■ The essential constituents of murder in the first degree when, as in the present case, the homicide is not perpetrated under any of the particular circumstances and conditions enumerated in the statute, § 314, Title 14, Code 1940, are that the taking of life must have been willful, deliberate, malicious, and premeditated. These must concur and coexist or, whatever other of-

fense may be committed, this offense of statutory creation is not committed. There is no possible state of facts from which the law presumes their concurrence and coexistence; and their concurrence and coexistence is not a fact to which a witness, or any number of witnesses, can testify. It is a matter of inference from all the facts and circumstances of the particular case. Brown v. State, 109 Ala. 70, 20 So. 103.

In Hornsby v. State, 94 Ala. 55, 66, 10 So. 522, 526, it was said: "It is undoubtedly a canon of the law that, 'if one man intentionally shoot another with a gun or other deadly weapon, and death ensues, the law implies or presumes malice,' and, we may add, a 'formed design' to take life, and it imposes upon the slayer the burden of rebutting this presumption by other proof, *unless the evidence which proves the killing* rebuts the presumption. Hadley v. State, 55 Ala. [31], 37; Mitchell v. State, 60 Ala. [26], 28; Gibson v. State, 89 Ala. 121, 8 So. 98 [18 Am.St.Rep. 96]."

■ It is true that the phrase, " 'formed design' to take life," under our most recent decisions has been held not necessarily to connote all the elements of murder in the first degree. Davis v. State, 209 Ala. 409, 96 So. 187; Martin v. State, 119 Ala. 1, 25 So. 255; Miller v. State, 107 Ala. 40, 19 So. 37; Hornsby v. State, supra. The character of the offense is determined by the elements which called the "formed design" into existence. Burton v. State, 107 Ala. 108, 18 So. 284. In Hornsby v. State, supra, it was said: " * * * Whether the 'design' or 'positive intention' is the offspring of the elements which constitute murder in the first degree, that is, 'willful, deliberate, malicious, and premeditated,' or of the facts which constitute murder in the second degree, or of sudden passion upon sufficient provocation, or in self-defense, is always a question of fact for the jury under proper instructions of the court. * * *" 94 Ala. 66, 10 So. 526.

■ Although the evidence is meager concerning the immediate incidents of the homicide, we are of the opinion that from all the facts and circumstances shown by the evidence in this case, the jury was au-

thorized to find the appellant guilty of murder in the first degree.

On several occasions during the course of the trial, counsel for defendant moved to exclude answers of witnesses which were responsive to questions propounded and where no objections were interposed before the questions were answered. Even if it be assumed that the testimony sought to be excluded was incompetent, the defendant not having objected to the questions, cannot put the trial court in error for failing to exclude. Pope v. State, 168 Ala. 33, 53 So. 292; Milligan v. State, 208 Ala. 223, 94 So. 169.

Where there is allowed by the court, over objection, an improper question to a witness, no prejudicial error is committed if the answer is favorable to the objecting party. Green v. State, 151 Ala. 14, 44 So. 194; Collins v. State, 217 Ala. 212, 115 So. 223. Many of the exceptions noted in this record were thus rendered innocuous as reversible errors, if, indeed, they were primarily erroneous.

The record shows a number of exceptions to rulings of the court overruling objections by the defendant to questions propounded by the State where the questions were not answered. Conceding, without deciding, that such questions called for incompetent testimony, it does not follow that reversible error is made to appear. Improper questions not answered are harmless. Adams v. State, 175 Ala. 8, 57 So. 591; Woodard v. State, post, p. 259, 44 So. 241.

The arresting officers testified that when they arrived at the home of appellant they saw a shotgun, oil can, and rag on a bed in the room where appellant admits the shooting took place. Several shotgun shells of the caliber of the gun used in the killing were found in the room and a discharged shotgun shell was found in appellant's back yard. The trial court admitted these objects in evidence over the objection of defendant. There was no error in this ruling. Patton v. State, 246 Ala. 639, 21 So. 2d 844.

It was not error to permit the arresting officers to testify as to the condition of the bed upon which appellant admitted he was sitting at the time the fatal shot was fired. It was not necessary, to render such proof admissible, to show that the bed was in the same condition when seen by these witnesses as when the homicide occurred. Madley v. State, 192 Ala. 5, 68 So. 864.

Even if it be assumed that it was error for the trial court to permit a State witness to testify that on a former visit to the home of appellant, the bed in the room where the shooting occurred had clothes and quilts "piled up" on it, it was error without injury. We are unable to see how such testimony could have injuriously affected any substantial right of appellant. Supreme Court Rule 45, Code 1940, Tit. 7 Appendix.

It was not error to refuse to permit the appellant to show that he told an attendant at the hospital to which Hill had been taken for treatment, in effect, that the shooting was accidental and that he stated to the arresting officers while en route to the county seat that he was sorry it happened. The acts, declarations, and demeanor of an accused before or after the offense, unless a part of the res gestae, are not admissible for him. Maddox v. State, 159 Ala. 53, 48 So. 689. For the same reason, it was not error for the trial court to refuse to permit appellant to show that he "signed for the hospital bill" and that he sent for an ambulance immediately after the shooting.

One of the arresting officers, a witness for the State, not in response to a question propounded by the State, said, in effect, that he had searched the home of appellant on a former occasion. On motion of counsel for defendant, this statement was excluded, the court saying: "That part of the evidence is excluded. That about having searched the place before, so don't consider that, gentlemen." Defendant's motion for a mistrial because of this statement was overruled properly. Any possible injurious effect of this voluntary statement was eradicated by the court's admonition to the jury.

A witness for the State, a colored girl, testified that an ambulance arrived

at the scene of the shooting approximately one and a half hours after it happened. Evidently for the purpose of testing the witness' ability to judge time, counsel for defendant said to this witness, "You show me how long five minutes is by snapping your finger." The trial court did not err in sustaining the State's objection to such procedure. Such matters must be left to the discretion of the trial judge.

■ There was no error in permitting the State to show what the defendant did and said immediately after he shot deceased, as it appears that the acts and declarations disclosed by the evidence were a part of the *res gestae*. Pate v. State, 150 Ala. 10, 43 So. 343.

■ The trial court correctly sustained the State's objection to this question asked by defendant on cross-examination of a State witness: "You have taken syphilis shots for the treatment of syphilis, haven't you?" The answer to this question could not possibly shed any light on the issues of the case, nor was the evidence sought to be elicited by this question admissible on the theory that an affirmative answer would tend to show the witness' mental incompetency.

■ A witness for the State, a colored girl, was permitted, over the defendant's objection, to testify that when appellant came out of his house immediately after the shooting "he looked just like a wild man." This statement of the witness was merely her way of stating that the appellant appeared to be nervous and excited. This is an evidential fact that the State may give to the jury. Patton v. State, 197 Ala. 180, 72 So. 401; Roberson v. State, 218 Ala. 442, 118 So. 654.

■ The trial court did not err in permitting the State to show on cross-examination of a witness for appellant that a short time before the shooting appellant "looked like he had been drinking." It shed light on the mental condition of defendant at the time deceased was killed. Beaird v. State, 215 Ala. 27, 109 So. 161; Montgomery v. State, 160 Ala. 7, 49 So. 902.

■ During the cross-examination of the appellant, the court, at the request of the State, and over the objection of counsel for appellant, permitted appellant to leave the witness stand and sit in a chair, in view of the jury, so as to better demonstrate the manner in which he contended he was holding the gun at the time of its discharge. Counsel for defendant insists that such course of conduct invaded his constitutional right not to be compelled to give evidence against himself. There is no merit in this contention. After a defendant has introduced himself as a witness, he then may be cross-examined and compelled to do what would be material and competent of any other witness. Smith v. State, 247 Ala. 354, 358, 24 So.2d 546, and cases cited.

■ It was competent for the State to prove that appellant had been convicted of manslaughter, as affecting his credibility, he having made himself a witness. Rollings v. State, 160 Ala. 82, 49 So. 329.

■ Counsel for appellant interposed numerous objections to the argument made by counsel for the State. No doubt out of an abundance of caution, the trial court in most instances where such objections were interposed sustained the objections and excluded the statement of State's counsel. This action of the court, in our opinion, eradicated any possible injurious effect of the statements.

We have given careful consideration to the few instances where the objections of counsel for defendant to the argument of counsel for the State were overruled, and are of the opinion that the action of the trial court was correct. It would serve no useful purpose to encumber this opinion with a detailed treatment of the numerous instances where objections were interposed to the argument of counsel for the State.

■ Defendant's requested charges 7 and 9 each concluded to an acquittal upon an hypothesis that justified that result without a due consideration by the jury of all the evidence. If otherwise correct, they were well refused on that ground. Campbell v. State, 182 Ala. 18, 62 So. 57. Moreover, the substance of the charges, with this needed amendment, was given to the jury in charges 10, 13, and 20. § 273, Title 7, Code 1940.

There was no error in refusing charge 11. It was substantially and fairly covered by given charges 10, 13, and 20. The substance of refused charge 16 was given in charge 15, hence it was refused without error. Refused charge 21 is in the exact language of given charge 30 so, of course, its refusal was without error. § 273, Title 7, Code 1940.

Defendant's requested charge 22 was properly refused on the authority of Young v. State, 149 Ala. 16, 43 So. 100, and cases cited. The charge purports to deal with the burden of proof and that phase of the case was fully covered in the court's oral charge and in charges given at the request of appellant.

Charge 31 requested by appellant was refused without error. Ellis v. State, 246 Ala. 300, 20 So.2d 512, and cases cited. The indictment in this case covered all degrees of homicide. Drunkenness may reduce the degree of homicide from murder to manslaughter, but it is no defense as to either degree of manslaughter.

Appellant's requested charge 38 was properly refused on the authority of Russo v. State, 236 Ala. 155, 181 So. 502; McDowell v. State, 238 Ala. 101, 189 So. 183; Daniels v. State, 243 Ala. 675, 11 So.2d 756.

Judgment of the circuit court is affirmed.

Affirmed.

BROWN, FOSTER, SIMPSON, and STAKELY, JJ., concur.