78 So.2d 637

Leonard HIGGINBOTHAM

v.

STATE.

7 Div. 246.

Supreme Court of Alabama.

March 10, 1955.

No attorney for appellant.

John Patterson, Atty. Gen., and Robt. Straub, Asst. Atty. Gen., for the State.

LAWSON, Justice.

Leonard Higginbotham was indicted for the offense of murder in the first degree by a grand jury of Etowah County and upon his trial upon said indictment was convicted of murder in the second degree and his punishment was fixed by the trial jury at imprisonment in the penitentiary of this state for a period of twenty-three years. Judgment and sentence were in accord with the jury verdict.

The appellant, Higginbotham, was represented by counsel of his choice at arraignment and on the trial below, but he is not represented by counsel in this court and hence no brief has been filed here in his behalf. But the filing of a brief is not essential to our consideration of an appeal by a defendant in a criminal case. § 389, Title 15, Code 1940; Hymes v. State, 209 Ala. 91, 95 So. 383; Johnson v. State, 257 Ala. 644, 60 So.2d 818; Payne v. State, 261 Ala. 397, 74 So.2d 630.

The State has filed a brief which treats many of the questions presented for review.

We will consider first the rulings made by the trial court on certain preliminary motions.

The indictment was not subject to be quashed on the ground that it was returned by an improper and illegal grand jury in that it was returned by the third grand jury impaneled in Etowah County during the year 1953. § 72, Title 30, Code 1940; Wyres v. State, 32 Ala.App. 630, 29 So.2d 155. Nor should the indictment have been quashed because it bore the indorsement "no prosecutor" when in fact there was a prosecutor. The provisions of § 90, Title 30, Code 1940, have been held to be directory only. The omission of the name of a prosecutor has been held not to affect the sufficiency of the indictment. Ashworth v. State, 63 Ala. 120; Hubbard v. State, 72 Ala. 164.

The appellant interposed pleas of misnomer, taking the point that he was referred to in the indictment as Leonard Higginbotham when the jury knew or should have known that his true name was Leonard Arch Higginbotham. The trial court did not err in striking such pleas on motion of the State. The omission from an indictment of the defendant's middle name is immaterial. Pace & Cox v. State, 69 Ala. 231, 44 Am.Rep. 513; Patton v. State, 29 Ala.App. 215, 194 So. 425. Moreover, these pleas came too late. A plea of not guilty waives right of accused to plead in abatement for misnomer. Nettles v. State, 222 Ala. 236, 132 So. 41; Dunning v. State, 21 Ala.App. 318, 108 So. 82.

There was no error in sustaining the State's challenge of the juror Breitstein, who had stated to the court that he would not be willing to inflict the death penalty on circumstantial evidence. Underwood v. State, 239 Ala. 29, 193 So. 155; Garrett v. State, 76 Ala. 18; § 57, Title 30, Code 1940.

A brief summary of the evidence will suffice. The defendant operated a cafe in Etowah County. The deceased, J. C. Wood, and one Pete Millican got in a fight in the cafe around seven o'clock on the night of October 16, 1953. The defendant requested them to leave, but they continued to fight. Defendant went behind the counter and secured a twenty-two rifle

240

which he shot at least five or six times in the direction of Wood and Millican. The first shot was at close range and resulted in Wood's death. Millican was seriously wounded but recovered. The State insisted that the killing was unprovoked, unjustified and hence unlawful, and offered testimony to sustain this insistence. On the other hand, the defendant insisted upon his plea of self-defense, contending that he shot in defense of himself and his family and hence violated no law of this state. The defendant presented some evidence to sustain this contention and also offered evidence tending to show that the rifle was accidentally discharged. As a result of this conflict in the evidence a jury question was, of course, presented. The evidence fully supports the verdict of murder in the second degree and the ground of the motion for a new trial taking the point that the verdict of the jury was contrary to the great preponderance of the evidence was properly overruled. Cobb v. Malone, 92 Ala. 630, 9 So. 738.

■ During the examination of Dr. R. D. Clark, who treated J. C. Wood after he was shot and who saw him after his death, the trial court asked the witness one or two questions. This was entirely proper and the objection of counsel for the defendant to this action of the trial court was without merit. Norris v. State, 229 Ala. 226, 156 So. 556.

■ The trial court did not err in admitting evidence of the shooting of Pete Millican. That shooting was within the res gestae of the crime against J. C. Wood and was admissible as shedding light on the acts, motive, and intent of the defendant. Smarr v. State, 260 Ala. 30, 68 So.2d 6; Snead v. State, 251 Ala. 624, 38 So.2d 576, and cases cited.

■ There was no error in allowing the introduction in evidence of the twenty-two rifle, after an eyewitness had stated that in his judgment it was the rifle which the defendant had at the time of the shooting. In addition, it was afterwards admitted that the rifle so admitted in evidence was the rifle used by the defendant. McGuffin v. State, 178 Ala. 40, 59 So. 635.

■ Likewise, it was not error to admit in evidence the hammer which the witness stated in his judgment was the one which was used in the fight between Wood and Millican.

■ The trial court did not err in permitting the witness Lawley to testify that at the time of the shooting the defendant appeared to be angry. Jenkins v. State, 82 Ala. 25, 2 So. 150; Miller v. State, 107 Ala. 40, 19 So. 37; Roan v. State, 225 Ala. 428, 143 So. 454.

■ It was not error to permit the eyewitness Marie Colley to testify that immediately after the shooting the defendant "drug" the deceased out of the cafe onto the sidewalk and "throwed him down." In Jones v. State, 181 Ala. 63, 61 So. 434, 439, it was said: "The acts, declarations, and demeanor of an accused, before or after the offense, whether part of the res gestae or not, are admissible against him, but unless a part of the res gestae are not admissible for him." See Carter v. State, 205 Ala. 460, 88 So. 571; Roberson v. State, 218 Ala. 442, 118 So. 654.

■ The turbulent and blood-thirsty character of the deceased cannot be established by particular acts of violence or turbulence or blood-thirstiness on his part. The trial court did not err in refusing to permit the defendant to make such proof. Smith v. State, 197 Ala. 193, 72 So. 316; Lovejoy v. State, 33 Ala.App. 414, 34 So.2d 692, certiorari denied, 250 Ala. 409, 34 So. 2d 700.

■ It was not error for the trial court to refuse to permit the defendant to show convictions of the deceased for the violation of municipal ordinances. Norris v. State, 229 Ala. 226, 156 So. 556.

■ The trial court did not commit reversible error in refusing to permit the defendant to testify as to whether or not at the time he went to get the rifle he intended to shoot anyone. Pate v. State, 162

Ala. 32, 50 So. 357; Nickerson v. State, 205 Ala. 684, 88 So. 905.

■ It was not reversible error to refuse to permit the defendant to present evidence as to deceased's conduct toward others than defendant on the afternoon of the difficulty. Smith v. State, 142 Ala. 14, 39 So. 329.

■ It is not made to appear that the trial court abused its discretion in refusing to permit counsel for the defendant to read to the jury from law books. Davis v. State, 213 Ala. 541, 105 So. 677.

We find no reversible error in any of the rulings of the trial court made in connection with jury argument.

The record contains seventeen written charges which the trial court refused to give at the request of the defendant and five written charges which were given at his request. For convenience we have numbered the refused charges and lettered the given ones.

■ The proper hypothesis for a requested charge in a criminal prosecution is rested on belief from the evidence. Wesson v. State, 251 Ala. 33, 36 So.2d 361; Payne v. State, supra, and cases cited there. Defendant's requested written charges 2, 3, 5, 9, 10, 12, 15 and 16 were not so hypothesized and hence their refusal does not constitute reversible error. We pretermit consideration of whether those charges assert sound propositions of law.

■ The principle sought to be stated in defendant's refused charge 1 was fully covered in the court's oral charge and in written charges B and C given at the request of the defendant. § 273, Title 7, Code 1940; Payne v. State, supra.

■ Defendant's refused charge 4 was properly refused for the reason, if for no other, that it omits the postulate, necessary to an acquittal on the ground of self-defense, that there was a belief of imminent danger and necessity to kill which was reasonably and honestly entertained. Roberson v. State, 175 Ala. 15, 57 So. 829.

There was no error in refusing charge 6, which is in practically the same language as charge B, given at the request of defendant. Payne v. State, supra.

■ Refused charge 7 was abstract, as there was no evidence tending to show that the defendant fired the rifle with the intent only to scare the deceased. Since the charge was abstract, it was refused without error. Parvin v. State, 248 Ala. 74, 26 So.2d 573.

Charge 8 refused to the defendant was fully covered by given charges A and E, hence the refusal of that charge does not constitute reversible error. Payne v. State, supra.

■ Since the defendant was acquitted of murder in the first degree, refusal of written charge 11 dealing with murder in the first degree could have no harmful effect. Maxwell v. State, 32 Ala.App. 487, 27 So.2d 804, certiorari denied, 248 Ala. 431, 27 So.2d 810.

The principle sought to be stated in defendant's refused charges 13 and 17 was fairly and substantially covered by the oral charge of the court. § 273, Title 7, Code 1940.

■ Refused charge 14 omits the word "willful" and hence was properly refused. Prater v. State, 107 Ala. 26, 18 So. 238.

One of the grounds of the motion for a new trial was that the jury had rendered a quotient verdict.

■ We do not think the trial court erred in overruling that ground of the motion for new trial. We will not here undertake to set out the evidence as it relates to that question. It has been examined with care and we are clear to the conclusion that the trial court was justified in not setting aside the verdict on that ground. Sanders v. State, 243 Ala. 691, 11 So.2d 740.

Mindful of our duty in cases of this character, we have examined the record for reversible error and have dealt with all

questions calling for serious treatment. We find no reversible error in the record and the cause is due to be and is affirmed.

Affirmed.

LIVINGSTON, C. J., and STAKELY and MERRILL, JJ., concur.