328 So.2d 648
**Robert J. CARLILE, alias**

v.

**STATE.**

**6 Div. 876.**

Court of Criminal Appeals of Alabama.

Jan. 20, 1976.

Rehearing Denied March 9, 1976.

William J. Baxley, Atty. Gen., Montgomery, and David L. Weathers, Asst. Atty. Gen., Birmingham, for appellee.

John D. Prince, Jr., Birmingham, for appellant.

CATES, Presiding Judge.

Carlile was convicted of assaulting a peace officer engaged in the active discharge of his lawful duty; the charged assault was with a deadly instrument, to-wit: a pistol. The trial judge sentenced Carlile to four years imprisonment. Michie's Code, T. 14, § 374(20) [official source—§ 3, Act 746, September 8, 1967].

I

About 11 P.M. on July 11, 1973, John W. Abercrombie, an officer of the Birmingham police was in uniform and on duty outside the city shop on Sixth Avenue, South, in that city. He and other officers heard two shots and saw a "black over yellow" Dodge Challenger going east on Sixth Avenue.

He got in his police car and chased the Dodge. His car had no blue light, the lack of which inhibited his speed at crossings. Nevertheless, he was able to overtake the Dodge. When Abercrombie came to a stop ahead of the Dodge, the front seat passenger reached out the right front window and fired a pistol at Abercrombie. The

Dodge then sped off while Abercrombie shot at its rear tires. Another police car followed and caught the Dodge.

The driver turned out to be Joseph Carlile; the sole passenger was his brother, the appellant. At trial, Joseph testified it was he, not his brother, who shot at Abercrombie. This conflicted with the State's evidence on identity.

## II

In brief, counsel argues that the sentence was cruel and unusual in violation of the Eighth Amendment because a Youthful Offender Report dated June 12, 1974, stated that, shortly after being paroled on an earlier misdemeanor conviction, appellant was hospitalized on account of hepatitis.

No medical evidence was offered. Particularly at allocution, November 13, 1974, no claim was made of ill health as a bar to sentencing. The appellant was out on bond when the record was certified for this appeal by the circuit clerk, August 1, 1975.

Prisoners' rights have lately fertilized fruitful crops of litigation. If there has emerged a cause of action for a prisoner against his warders in a state court, it is necessarily either under the familiar forms for tort, e. g., trespass or assault, or under equitable actions such as can be afforded in a declaratory judgment suit.[1]

Basically, a conviction shrinks a prisoner's erstwhile rights. The negative pregnant of the Thirteenth Amendment certainly allows a State an area of legitimate repressive detention:

"Neither slavery nor involuntary servitude, except as a punishment for crime whereof the party shall have been duly convicted, shall exist within the United States, or any place subject to their jurisdiction." Amendment 13, § 1.

But this detention does not convert a convict into a complete non-person incapable of being a plaintiff. See *Johnson v. Avery*, 393 U.S. 483, 89 S.Ct. 747, 21 L. Ed.2d 718; *Wilwording v. Swenson*, 404 U.S. 249, 92 S.Ct. 407, 30 L.Ed.2d 418.

In this case, aside from the paucity of proof, there was (at the time of sentencing and stay of execution consequent upon the notice of appeal and enlargement pending appeal) no medical evidence as to Carlile's health. Moreover, not until Carlile is in custody to obey and endure the sentence can there be a justiciable controversy under the Eight Amendment as applied in *Wilwording*, supra.

## III

Counsel for Carlile argues that— since, under a combined civil action in the United States Courts for the Middle and Southern Districts of Alabama August 29, 1975, no State prisoners may now be put in the penitentiary—Carlile is thus free from serving his sentence.

We are not advised as to whether or not the Circuit Court of Jefferson County was a party to said civil action. Nor do we consider that any question can here be presented under *Kirby v. State*, 62 Ala. 51. Where Carlile serves his sentence depends on the Board of Corrections. All the law requires is that it be in a place which, by law or order, is within the penitentiary system. See Code 1940, T. 45 § 28.

## IV

Testimony was received over objection that the defendant had been drinking on the night in question. The contention is that under a sumptuary law—T. 14, § 17(1), Michie's Code—at July 11, 1974, Carlile's consuming alcohol was then a misdemeanor.

---

1. One must ever keep in mind the Harvard law professor's caveat:
   "You may sue the Bishop of Boston for bastardy, but do you have a cause of action?"

Pretermitting the fullness of the objection vel non, we consider the possible effect of drinking was relevant as to the mental state of appellant. Assault embraces an element of rudeness or anger. See *Coats v. State*, 253 Ala. 290, 45 So.2d 35.

We have examined the entire record under Code 1940, T. 14, § 389 and consider that judgment below is to be

Affirmed.

DeCARLO, J., concurs.

TYSON, HARRIS, and BOOKOUT, JJ., concur in result.