## In re SCHIANO DI COLA.

### No. 2523.

District Court, D. Rhode Island.

June 4, 1934.

Louis V. Jackvony, of Providence, R. I., for petitioner.

Edward F. McElroy, Asst. U. S. Atty., of Providence, R. I.

LETTS, District Judge.

This matter is before the court upon an order to show cause why the writ of habeas corpus should not issue pursuant to the prayers of a pending petition for such writ. It is heard on an agreed statement of facts.

The petitioner is a citizen of Italy who came to this country in 1921 at the age of sixteen years. Within five years after his admission to this country, to wit, on July 5, 1924, the petitioner was driving an automobile on Cedar street, in the city of Providence. The automobile struck a child, causing injuries which resulted in the child's death two days later. Nearly six months after the occurrence of the accident the petitioner was indicted, being charged, under the common-law practice of Rhode Island, with manslaughter.

It is not contended by the Government at this time that the injury to the child was wilful. It is contended that the child's injuries resulted from the negligent or reckless operation of the automobile by the petitioner.

Following the return of the indictment in the state court, the petitioner appeared and thereto entered a plea of nolo contendere on February 5, 1925. No sentence at the time was imposed, but approximately one month later the state court sentenced the petitioner to serve one year in the Providence county jail, from which institution he was paroled after serving a portion of the sentence. Approximately five and one-half years after the petitioner was paroled, he was served with a warrant of arrest issued by the Assistant to the Secretary of Labor. After a hearing upon an order to show cause why he should not be deported because of having been convicted of a crime involving moral turpitude and sentenced to serve one year, within five years after his entry, a deportation warrant and order was issued.

In view of the fact that there is presented no claim of other misconduct on the part of the petitioner during nearly thirteen years that he has been in this country and considering the protracted delay on the part of the Government in taking any steps to effect the petitioner's deportation, the carrying out of the order at this time would seem to be a harsh and unjust application of the law. Such considerations are, however, more properly for the consideration of the executive branch of the government than for this court. The sole question before me is whether an offense, resulting in a charge of manslaughter to which a party has interposed a plea of nolo contendere and received a sentence of one year when such charge arises from the involuntary injury to the person of another, resulting in death, through the negligent or reckless operation of an automobile, constitutes a crime involving moral turpitude with-

in the meaning of the federal statute (Immigration Act 1917, § 19 [8 USCA § 155]).

An examination of the cases, wherein manslaughter has been held to constitute a crime involving moral turpitude indicates that almost without exception the charge has been based upon a wilful assault or injury to another. Nowhere do I find any well reasoned cases, and none have been cited, which have held that an unintentional injury to another, arising from facts such as those here presented, constitutes a crime involving moral turpitude within the intendment of the Statute.

I find, therefore, that the petitioner has not, as charged by the Government, been shown to have been convicted of a crime involving moral turpitude and sentenced to imprisonment of one year therefor, within five years of his entry into the United States.

The petitioner is, therefore, entitled to the writ, as prayed.