OPINION OF THE COURT
Herman Cahn, J.
Defendant, a permanent resident alien, pleaded guilty to vehicular manslaughter in the second degree on November 18, 1986. He was subsequently sentenced, before this court, to five years’ probation. Pursuant to 8 USC § 1251 (b) (2), defendant moves for a recommendation by the court, to the Attorney- *869 General, that the defendant not be deported based on his commission of the crime herein.
. THE FACTS
Defendant was born in the Dominican Republic in 1944. He was admitted to the United States as a permanent resident alien September 5, 1981; he left the United States once, and reentered on January 5, 1986.
On September 20, 1986, defendant, driving while intoxicated, lost control of his car and crashed into a wall. His wife, a passenger in the car, died as a result of the crash. Defendant has no prior criminal record.
Defendant is steadily employed; he supports two of his own minor children, and two stepchildren, sons of his late wife.
THE LAW
The Immigration and Nationality Act (8 USC § 1251) provides: "(a) Any alien in the United States * * * shall, upon the order of the Attorney General, be deported who * * * (4) is convicted of a crime involving moral turpitude committed within five years after entry and either sentenced to confinement or confined therefor in a prison or corrective institution, for a year or more, or who at any time after entry is convicted of two crimes involving moral turpitude, not arising out of a single scheme of criminal misconduct, regardless of whether confined therefor and regardless of whether the convictions were in a single trial”. Subdivision (b) (2) provides that subdivision (a) (4), above, is not applicable if the sentencing court makes a recommendation against deportation, to the Attorney-General, within 30 days of sentencing.
Defendant’s motion is granted, and the recommendation is made.
The court notes that there appears to be no case law addressing the issue of whether vehicular manslaughter in the second degree is a crime involving moral turpitude, within the meaning of the cited Federal statute. The court believes that said crime is not one of "moral turpitude” within the statute.
Vehicular manslaughter in the second degree, as defined in Penal Law § 125.12, is the commission of criminally "negligent” homicide, by means of a vehicle, while the driver was intoxicated. Criminally negligent homicide, as defined in Penal Law § 125.10, is causing the death of another person *870 through criminal "negligence”; and criminal negligence is defined in Penal Law § 15.05 (4): "A person acts with criminal negligence * * * when he fails to perceive a substantial and unjustifiable risk that such result will occur or that such circumstance exists.”
When one acts with criminal negligence, he fails to perceive the risk of harm from his conduct. In contrast, although the term "moral turpitude” has never been defined by the Legislature, "moral turpitude” has been most commonly defined by the courts as: " 'An act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellow men, or to society in general, contrary to the accepted and customary rule of right and duty between man and man.’ ” (Deportation — "Moral Turpitude”, Annot., 23 ALR Fed 480, 493, and cases cited therein.) Crimes which do not involve a vicious motive or a corrupt mind are, therefore, not intended to be encompassed within the statute’s reach, but, on the contrary, were specifically meant to be excepted. (United States v Karnuth, 30 F2d 825.)
The distinction between "criminal negligence” and "recklessness”, as defined in Penal Law § 15.05, demonstrates the absence of any such motive or evil intent on the part of a criminally negligent defendant. When a person is reckless, he consciously disregards a designated risk; whereas, when one is criminally negligent, he merely fails to perceive the risk. (People v Licitra, 47 NY2d 554.) Involuntary manslaughter (United States v Karnuth, supra) and negligent or reckless manslaughter (In re Schiano Di Cola, 7 F Supp 194) have been held not to be crimes involving moral turpitude within the meaning of the statute.
In conclusion, vehicular manslaughter in the second degree (Penal Law § 125.12) is not a crime involving moral turpitude within the meaning of the Immigration and Nationality Act (8 USC § 1251 [a] [4]). It is a crime which is based on completely unintentional conduct, criminal negligence, in contrast to those crimes meant to be included within the breadth of the statute, those crimes involving some form of evil intent.
Motion granted.