661 So.2d 784 (1994)
Danny CARREKER
v.
STATE.
No. CR-93-1858.
Court of Criminal Appeals of Alabama.
November 10, 1994.
Rehearing Denied February 10, 1995.
Certiorari Denied May 5, 1995.
Philip Seay, Pell City, for appellant.
James H. Evans, Atty. Gen., and Gail Hampton, Asst. Atty. Gen., for appellee.
Alabama Supreme Court 1940716.
PATTERSON, Judge.
The appellant, Danny Carreker, appeals his conviction for first degree sexual abuse and his subsequent sentence of five years' imprisonment. He raises one issue on appeal.
Carreker contends that the trial court committed reversible error by allowing the prosecutor, over his objection, to impeach his credibility by showing that he had a prior conviction for involuntary manslaughter in the state of Georgia. The state contends that Carreker failed to object with sufficient *785 specificity when the question was addressed to Carreker on cross-examination so as to put the trial court on notice of the ground for objection and that Carreker, thus, did not preserve the issue for review on appeal.
We first must determine whether the issue was properly preserved for our review. Carreker filed a motion in limine seeking to prevent the state's use of his prior conviction for impeachment purposes. The court denied this motion by stating, "After consideration, the Court denies your Motion in Limine concerning the manslaughter charge." During the prosecution's cross-examination of Carreker, the following occurred:
"Q. Did you have occasion to be over in the State of Georgia back in 1987?
"A. Yes, sir.
"Mr. SEAY [defense counsel]: Judge, I'm going to object to this line of questioning.
"THE COURT: That objection has been made outside the presence of the jury. The objection is overruled.
"Q. In February of 1987, in the State of Georgia, you were found guilty of involuntary manslaughter, weren't you?
"A. Yes, sir."
The state's assertion that this issue was not preserved because Carreker failed to make a specific objection during the prosecution's cross-examination is without merit. A specific objection is necessary to put the trial court on notice of the grounds of the objection. It is clear from the trial court's ruling that it was aware of the grounds of Carreker's objection when his objection was made. See Marshall v. State, 570 So.2d 832 (Ala.Cr. App.1990).
Thus, we must determine whether the Georgia conviction for involuntary manslaughter is a crime involving moral turpitude under Alabama law so as to make evidence of the prior conviction admissible for impeachment purposes. Involuntary man slaughter is defined by Ga.Code Ann., § 16-5-3(a) (Michie 1992), as an unintentional killing while engaged in a lawful or unlawful act. "Moral turpitude implies something immoral in itself, regardless of its being punishable by law, so that an offense for conviction of which a witness's credibility is lessened must be mala in se and not mala prohibitum." Sims v. Callahan, 269 Ala. 216, 227, 112 So.2d 776, 785 (1959); C. Gamble, McElroy's Alabama Evidence, § 145.01(7) (4th ed. 1991).
The question of whether an unintentional killing is a crime involving moral turpitude in Alabama has not been squarely addressed by the Alabama courts. We do note that the following has been stated in regard to § 13-1-90, the predecessor to our present manslaughter statute, § 13A-6-3[1]:
"The following is a catalog of the crimes that have been declared to involve moral turpitude and, because they are of that nature, a conviction for any one of them can be proven to impeach a witness.
"....
"(p) Manslaughter in the first degree Coats v. State, 253 Ala. 290, 45 So.2d 35 (1950); Rollings v. State, 160 Ala. 82, 49 So. 329 (1909). It should be pointed out that the opinion in each of these cases states that a manslaughter conviction is admissible for impeachment. The decisions fail to specify which degree of the crime is admissible; however, since both cases involved manslaughter in the first degree, it would appear that manslaughter in the second degree does not involve moral turpitude."
C. Gamble, supra, § 145.01(9). See also Aetna Life Ins. Co. v. Dowdle, 287 Ala. 201, 212, 250 So.2d 579, 588-89 (1971), in which the court stated:
"It appears appropriate to say at this point that we are not to be understood as holding that manslaughter in the second degree is a crime involving moral turpitude, *786 or that the conviction of a witness for such crime may be shown to impeach him under Title 7, § 434, Code 1940, when the transaction out of which the crime arose is independent from the transaction out of which the case on trial arose.[3] ...
"[3.] McElroy, Law of Evidence in Alabama, 2nd Ed., Vol. 1, page 339:
".... It is believed that manslaughter in the second degree does not involve moral turpitude because it is an unintended killing."
See also People v. Mantilla, 134 Misc.2d 868, 513 N.Y.S.2d 338 (N.Y.Sup.1987) (wherein the court held that involuntary manslaughter and negligent or reckless manslaughter are not crimes involving moral turpitude).
Based on the foregoing, we hold that involuntary manslaughter is not a crime involving moral turpitude within the meaning of § 12-21-162. Involuntary manslaughter is a crime based on unintentional conduct, in contrast to those crimes involving some form of evil intent. It is not an offense that is mala in se and, thus, does not fall within the definition of crimes involving moral turpitude. Accordingly, we hold that the trial court committed reversible error in allowing the prosecutor to impeach the credibility of Carreker by asking him on cross-examination if he had been convicted of the Georgia offense.
The judgment is reversed and the case is remanded.
REVERSED AND REMANDED.
BOWEN, P.J., and TAYLOR and McMILLAN, JJ., concur.
MONTIEL, J., dissents.
MONTIEL, Judge, dissenting.
I respectfully dissent from the majority's holding that an unintentional killing is not a crime involving moral turpitude. "Moral turpitude has been defined as `"an act of baseness, vileness, or depravity in the private and social duties which a man owes to his fellowmen or to society in general."'" Meriwether v. Crown Investment Corporation, 289 Ala. 504, 512, 268 So.2d 780 (1972), quoting Lee v. Wisconsin State Board of Dental Examiners, 29 Wis.2d 330, 139 N.W.2d 61 (1966). Rather than declaring that an unintentional killing is not a crime involving moral turpitude, I would hold that the specific conduct which resulted in the unintentional killing must be examined to determine whether the act involves moral turpitude. I can envision certain unintentional killings that would be considered mala in se. Therefore, I must dissent.
NOTES
[1] Under Alabama's current manslaughter statute, a person commits the crime of manslaughter if he unintentionally but "recklessly" causes the death of another person. § 13A-6-3(a)(1). Under § 13-1-90, a person committed the offense of second degree or involuntary manslaughter if he unintentionally but accidently caused the death of another person by some unlawful act or by an act strictly lawful in itself but done in an unlawful manner and without due caution. Williams v. State, 251 Ala. 397, 39 So.2d 37 (1948).